# MILLER C. BALDWIN et al.

## v.

# TIMOTHY M. BRADLEY.

1. PLEDGE—*a security for whole debt and every part of it.* In all cases a pledge is understood to be a security for the whole and for every part of the debt or engagement, unless it is otherwise stipulated between the parties. If several things are pledged, each is deemed liable for the whole debt or other engagement, and the pledgee may proceed to sell them, from time to time, until the debt or other claim is completely discharged. If anything perishes by accident or casualty, without his fault, he has a right over the residue for his whole debt or other duty.

2. SAME—*extending lien to a prior or subsequent debt.* The mere existence of a former debt due the pledgee does not authorize him to detain the pledge for that debt when it has been put in his hands for another debt, unless there is some just presumption that such was the intention of the parties. The same rule applies to a subsequent debt or loan contracted by the pledger, for in such case the new debt or loan will not attach to the pledge, unless the circumstances create a presumption that the new debt or loan was made upon the credit of the pledge, and was so understood by the parties.

3. Where a party pledged a lot of whisky for the re-payment of a sum of money borrowed, with interest, storage, etc., and a few weeks after pledged another lot for a similar loan, and there was no proof that either pledge was dependent on the other, or that when the first pledge was made a future loan was anticipated, or that when the second one was made the first was alluded to: *Held,* that each pledge was a security for the loan made at the time, and not both for the first loan.

4. SAME—*measure of damages for a conversion of.* Where property pledged is taken and converted by a mere wrongdoer, having no interest or claim in the same, the pledgee will be entitled to recover in trover to the extent of the full value of the property so converted. But where the conversion is by an officer acting under a legal writ of attachment or execution against the pledger, he will occupy the same position as if he were the pledger himself, and be subject only to the same measure of damages.

5. Where two different loans were made at different times, of $900 each, the first upon a pledge of 22 barrels of whisky, and the second upon a pledge of 20 barrels, neither being dependent upon the other, and the whisky was all seized upon attachment against the pledger, and on replevin by the pledgee the last lot of 20 barrels was recovered and restored to the pledgee, it was *held,* on the trial, under a count in trover

for the conversion of the other lot, that the plaintiff was entitled to recover the full amount due him on the first loan, and that in the absence of proof showing that he had appropriated the 20 barrels to his own use, the value of the same, in excess of the sum due him on the second loan, could not be deducted from the sum due on the first loan, as the second pledge was still liable to be redeemed by paying the sum for which it was held.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

This was an action of replevin, brought by Miller C. Baldwin, H. Pomeroy Baldwin, and Albert A. Alexander, partners, etc., against Timothy M. Bradley, sheriff of Cook county, for the recovery of 42 barrels of whisky. The coroner returned that he had taken and delivered to the plaintiff 20 barrels of the whisky, giving their brands, and had not found the balance. A count in trover was inserted in the declaration as to the 22 barrels not found. The defendant, to the count in replevin, pleaded that, as sheriff of Cook county, he had attached the goods by virtue of certain writs of attachment against the firm of Kiernan & Son, whose property he averred they were, and also that the goods were the property of Patrick and William Kiernan. To the count in trover he pleaded not guilty.

It appeared that the plaintiffs made two loans of money to Kiernan, each of $900, the first on March 29, 1872, and the second on April 18, 1872, and that the re-payment of each . an was secured by a pledge of whisky : the first by a pledge of 22 barrels, the same described in the count in trover, and the ast by a pledge of 20 barrels, which were replevied by the p intiffs. A trial was had, resulting in a verdict upon the count in trover for $308, in favor of the plaintiffs. They, claiming $962.85, the sum due them on the pledge, prayed for a new trial, which the court overruled and rendered judgment on the verdict. The plaintiffs appealed from this judgment.

Messrs. UPTON, BOUTELL & WATERMAN, for the appellants.

Messrs. SANSUM & LEDDY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

It is not seriously contested that the property in controversy was pledged to appellants, and it. is conceded that it was converted by appellee. The only question discussed in the briefs before us, and to which we have thought it necessary to direct our attention, is, what, under the evidence, is the measure of appellants' damages ?

As against a mere wrongdoer, the appellants would be entitled to recover to the extent of the full value of the property converted ; but we do not consider appellee as standing in that light. His conversion was made in executing certain writs of attachment against Kiernan, the party by whom the pledge was made, and we have no reason to assume that they were not regularly and properly issued. In that view of the case, the appellee occupies the same position that Kiernan would. had he made the conversion and the suit been brought against him.

It is contended by appellants that they are entitled to recover the amount which the 22 barrels of whisky were pledged to secure, with the interest agreed to be paid thereon, and proper charges made in respect to the pledge, including inspection and storage, while appellee insists, without denying that appellants are entitled to be paid these items, that the 20 barrels of whisky taken on the writ of replevin should be charged against appellants, and that their recovery should be limited to what may then remain due from Kiernan, on account of both pledges ; and it is argued, that it would not only be equitable, but that it is legal to treat the loans and pledges made on the 29th day of March and the 18th day of April as one transaction. Were we inclined to take this view of the case, we are unable to perceive how, upon correct legal principles, it could materially better the condition of appellee. In all cases the pledge is understood to be a security for the whole and for every part of the debt or engagement, unless it

is otherwise stipulated between the parties.  Story on Bail-
ments, sec. 301.  If several things are pledged, each is deemed
liable for the whole debt or other engagement; and the
pledgee may proceed to sell them, from time to time, until
the debt or other claim is completely discharged.  If one
thing perishes by accident or casualty, without his default,
he has a right over the residue for his whole debt or other
duty.  Ibid. sec. 314.

But the character and extent of appellants' lien must
alone be determined by the contract between them and Kier-
nan, and from it we must learn whether the 20 barrels of
whisky should be appropriated to the payment of the amounts
which the 22 barrels were pledged to secure.  It is said in
Story on Bailments, sec. 304 :  "The mere existence of a
former debt due to the pledgee does not authorize him to
detain the pledge for that debt, when it has been put into his
hands for another debt or contract, unless there is some just
presumption that such was the intention of the parties.  The
like rule applies to a subsequent debt or loan contracted by
the pledger, for in such case the new debt or loan will not be
deemed to attach to the pledge, so that the pledgee may retain
the same therefor, unless, from all the circumstances, there is
just ground of presumption that the new debt or loan was
made upon the credit of the pledge, and was so understood by
the parties.  The rule in all these cases strictly applies, that
the particular contract is to govern the rights of the parties.
*Modus et conventio vincunt legem."*

Here, two loans were made, for $900 each, for the period
of 30 days.  The amount to be paid on the first loan for money
advanced, use of money, and charges of inspection and storage,
was $962.95; and on the second loan, for the same items, the
·amount to be paid was $962.36.  The first loan was made on
the 29th day of March, and the 22 barrels of whisky now in
controversy were pledged to secure its payment.  The second
loan was made on the 19th day of April, and the 20 barrels
of whisky replevied were pledged to secure its payment.  The

22 barrels of whisky are shown to have been more valuable than the 20 barrels by some 50 cents on the gallon. We have looked in vain in the record to find any evidence that either of these loans and pledges were, by the contracts between appellants and Kiernan, dependent upon the other. It is not shown that when the first loan was made a future loan was anticipated, and when the second loan was made, it does not appear that the first loan was at all alluded to ; but, upon the contrary, it does clearly appear that each loan was secured simply by the pledge then made. Under this state of the proof, we have no hesitancy in coming to the conclusion that the 20 barrels of whisky were alone pledged for the payment of the $962.36, then agreed to be due from Kiernan to appellants, and that the appellants retained an interest in the 22 barrels of whisky in controversy, for the $962.95 agreed to be due from Kiernan to appellants at the time they were pledged, for which they are now entitled to recover, unless the amount has been paid or the lien released by appellants.

It is not claimed that this amount has been actually paid to appellants, but only that the recovery of the 20 barrels of whisky on the writ of replevin should be treated as a payment to the extent of their value. We are unable to appreciate the force of the argument in support of this position. The authorities cited only go to the extent of holding that it is competent to show, in mitigation of damages, that the debt has been paid or reduced. That is not denied, but no such question arises here. Here, the evidence shows merely that 20 barrels of whisky were taken on a writ of replevin, and placed in the possession of appellants. It is not shown that they were sold by appellants, or that they converted them to their own use. The property is, by the writ of replevin, merely placed where it was before it was seized under the attachments —in pledge. It is no more appellants' private property now than it was before the seizure. It is still subject to be redeemed upon equitable principles, and, before the absolute ownership is changed, the property must be sold for the satis-

faction of appellants' lien, pursuant to law. If the evidence showed a complete conversion of this property to appellants' use, inconsistent with its mere retention as a pledge, we would doubtless hold that they should be chargeable with its value; but we have been unable to find any such evidence in the record.

In *Bailey* v. *Godfrey et al.* 54 Ill. 508, trover was brought for the recovery of a quantity of wool, which had been secured to the plaintiff by a chattel mortgage, and which was subsequently sold by the mortgagor to the defendant. One of the defenses interposed was, that other property had also been mortgaged to secure the payment of the same debt, and that the plaintiff could not recover from the defendant unless it was shown that that property was insufficient for its payment. The court held that it was not incumbent on the plaintiff to make this proof; that the defendant might, in reduction of the mortgagor's interest in the property, have pleaded that other property was embraced in the mortgage, and that the plaintiff had reduced the same to possession in reduction of his mortgage indebtedness, but that the burden of proving these facts was on the defendant.

It necessarily follows, from the views we have expressed, that appellants had a lien on the 22 barrels of whisky, to the amount of $962.95, and that they were, under the evidence before us, entitled to judgment for that amount.

Appellee is in no condition to complain of the hardship wrought him by this result. He unnecessarily became his own judge of the legal rights of the parties, refused to surrender the whisky to the officer upon the writ of replevin, and must now necessarily bear the consequences.

The judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*