WILLIAM BUTLER DUNCAN et al., Appellants, *v*. MARGARET W. BRENNAN, as executrix, etc., Respondent.

Personal property specifically pledged for a particular loan cannot, in the absence of a special agreement, be held by the pledgee for any other advance.

Nor can it be so held although the pledgees are bankers; the general lien which bankers hold on property deposited with them for a balance due on general account cannot be invoked.

Plaintiffs, who were bankers, loaned to B. Bros. & H. $10,000, upon the specific pledge of a quantity of whisky; this loan was paid in full. Prior and subsequent to this loan plaintiffs made other advances to said firm to a large amount. The whisky was levied on by B., defendant's testator then sheriff, under attachments, against M. On the trial of an action to recover possession of the whisky, defendants offered to prove admissions of one of the firm of B. Bros. & H., to the effect that the whisky was the property of M.; this evidence was excluded. *Held*, error, that plaintiffs had no lien or claim upon the property, but B. Bros. & H. were entitled thereto, and the admissions were competent as against them.

· Also, *held*, that as plaintiff had no right of possession at the time of the levy, a denial of a motion to dismiss the complaint was error.

(Argued December 20, 1880; decided January 18, 1881.)

APPEAL from order of the General Term of the Court of Common Pleas, in and for the city and county of New York, made February 3, 1879, reversing a judgment in favor of plaintiffs entered upon a verdict, and granting a new trial.

This action was brought to recover possession of three

hundred barrels of whisky alleged to have been wrongfully taken and detained by the original defendant, Matthew T. Brennan, then sheriff of the city and county of New York. He having died during the progress of the action, the present defendant, his executrix, was substituted.

The answer alleged that the property in question was owned by T. J. McGibbon, and justified the taking under and by virtue of attachments issued in actions against said McGibbon.

The evidence tended to show that plaintiffs, who composed a banking firm in the city of New York, loaned to Boyd Brothers & Hobson $10,000 on pledge of the bill of lading of said whisky, then *en route* for New York; on arrival the whisky was stored and the warehouse receipts delivered to plaintiffs. Plaintiffs' evidence was to the effect that the whisky was bought of and shipped to them by said T. J. McGibbon. It appeared that it was levied on by defendant's testator on February 23d, 1871, under attachments against and as the property of McGibbon. The said loan was paid in full March 9, 1871. It did not appear that there was any agreement that plaintiffs should hold the whisky for general advances or for any other loan. It did appear that both prior and subsequent to the loan so secured they advanced large sums to said Boyd Brothers & Hobson, sometimes on specific securities and sometimes on general account, and that said firm were indebted to them to more than the value of the whisky. Upon the trial defendant offered to prove the admissions of Boyd to the effect that the whisky belonged to McGibbon; this was objected to and excluded, to which defendant's counsel duly excepted. At the close of the testimony defendant's counsel moved for a dismissal of the complaint on the ground that plaintiffs had shown no title to the property and had not made out a cause of action, which motion was denied and said counsel duly excepted.

*W. W. Macfarland* for appellants. Admissions made under circumstances to render them technically evidence constitute evidence of the weakest character. (*Garrison* v. *Akin*,

2 Barb. 25; *Ball* v. *Loomis*, 29 N. Y. 416; *Tousley* v. *Barry*, 16 id. 497; *Paige* v. *Cagwin*, 7 Hill, 361; *Wourall* v. *Parmelee*, 1 N. Y. 519; *Whitaker* v. *Brown*, 8 Wend. 490; *Jones* v. *East Society, etc.*, 21 Barb. 161; *Schenck* v. *Warner*, 37 id. 258.) The declarations of a person, who is in a situation to be called as a witness, can never be given in evidence. (*Bristol* v. *Dann*, 12 Wend. 142.)

*A. J. Vanderpoel* for respondent. The court erred in excluding the declaration of Mr. Boyd, touching Megibben's ownership of the whisky in question. (*Stief* v. *Hart*, 1 N. Y. 20; *Parish* v. *Wheeler*, 22 id. 494, 511; 1 Greenl. on Ev., §§ 171, 172; *Adams* v. *Davidson*, 10 N. Y. 312; *Cook* v. *Holt*, 48 id. 275; *Milliner* v. *Lucas*, 3 Hun, 496; *Cartwright* v. *Wilmerding*, 34 N. Y. 521; 3 R. S. [6th ed.] 625, part 3, chap. 6, title 5, art. 2, § 20; Old Code, §§ 231, 232, 463; *Thayer* v. *Willet*, 9 Abb. 325, 330; *McKay* v. *Harrower*, 27 Barb. 463, 469; *Ward* v. *Ward*, 37 Mich. 253; *Miles* v. *Walker*, 3 Mo. App. 96.) To authorize the plaintiffs to hold this whisky for advances other than the $10,000, a special agreement to that effect must be shown. (*Wilmerding* v. *Hart*, Hill & D. Supp. 305; *Robinson* v. *Frost*, 14 Barb. 536; 2 Bouvier's Law Dictionary [4th ed.], p. 339, Pledge, Pawn; Story on Bailments, chap. 5, §§ 304, 310, 348; 2 Kent's Com. 584 [orig. ed.], 775 [4th ed.]; *Jarvis* v. *Rogers*, 15 Mass. 389; *James' Appeal*, 89 Penn. 54; Story on Agency, §§ 380, 381; Grant on Banking [Law Library Series], 168; *Lucas* v. *Darrien*, 1 J. B. Monr, 29; *Thompson* v. *Dominy*, 14 M. & W. 403; *Vanderzee* v. *Willis*, 3 Bro. Ch. C. 21; *Ex parte Vere*, 4 Drac. etc., 321; *Neponsent Bank* v. *Leland*, 5 Metc. 259; 3 Pars. on Cont. 262 [orig. ed.]; Addison on Contracts, § 831; *Brandao* v. *Barnett*, 3 C. B. 530 [54 E. C. L. R.]; 12 C. & F. 787; *Wylde* v. *Radford*, 3 L. J. Ch. 51; *In re Meadows*, 28 id. 891; *Gilliat* v. *Lynch*, 2 Leigh, 509; *Bank of Metropolis* v. *N. E. Bank*, 1 How. [U. S.] 234; *Jarvis* v. *Rogers*, 15 Mass. 389; *Green* v. *Farmer*, 4 Burr. 2214; *Russell* v. *Haddock*, 8 Ill. [3 Gilman] 238; *Baldwin et al.* v.

*Bradley*, 69 Ill. 32.) The action being for the claim and delivery of personal property, there must be a present right to possession in the plaintiffs in order to maintain it. (*Redman* v. *Hendricks*, 1 Sandf. 32; *Ingraham* v. *Hammond*, 1 Hill, 353; *Pattison et al.* v. *Adams*, 7 id. 126.) In order to constitute a pledge at all, it is necessary that the pledgee have actual or constructive possession of the property pledged. (*Brownell* v. *Hawkins*, 4 Barb. 491, 493; *Folles* v. *Moore*, 24 Me. [11 Shep.] 219.) The defendant, even if a trespasser, was entitled to be allowed the warehouse charges for storage, cooperage and other incidental expenses for keeping the whisky in mitigation of damages. (*Plevin* v. *Henshall*, 10 Bing. 24; *Conly* v. *Fisher*, Taney, 121 [4th Ct. Md.].) The true measure of damages in cases like the present is the actual loss or injury sustained by the plaintiffs. (*Lamb* v. *Day*, 8 Vt. 407; *Board* v. *Hand*, 3 Dana [Ky.], 489; *Pierce* v. *Benjamin*, 14 Pick. 360; *Blake* v. *Johnson*, 1 N. H. 91.)

*Per Curiam.* The question whether the declarations of Boyd in respect to the ownership of the whisky were admissible depends upon the fact whether the plaintiffs had any claim or lien upon the whisky for advances made by them for Boyd Bros. & Hobson. The firm had loaned from the plaintiffs, and obtained an advance, of $10,000 on the bills of lading for the whisky, which loan was afterward paid to the plaintiffs, with interest, as plaintiffs' account, which was introduced in evidence, shows. The account also establishes that the money was received on this very loan of $10,000; and unless the plaintiffs had a lien for the unpaid balance of their previous account against Boyd Bros. & Hobson, the title of the whisky was not in them and the sheriff was justified in seizing the same. It appears that the plaintiffs had advanced large amounts to Boyd Bros. & Hobson, for which they held personal property as security; but these advances were not general and did not by any special agreement include the whisky. We think that the whisky could not be held for subsequent advances unless made upon this security, and of this

there is no evidence whatever. In this case the advance was a special one on specific personal property; and to entitle the plaintiffs to hold the whisky for any advances beyond the $10,000, a special agreement should be proved to that effect. (*Wilmerding* v. *Hart*, Hill & Den. [Supp.] 305; *Robinson* v. *Frost*, 14 Barb. 536.) As a pledge the whisky could not be held for any more than the debt, unless by special agreement. (Bouv. Law Dict.; 2 Kent's Com. 775.) Nor could the plaintiffs hold the same as bankers for a banker's loan, as the advance was made upon the whisky alone. The general lien which bankers hold upon bills, notes and other securities deposited with them for a balance due on general account, cannot, we think, exist where the pledge of property is for a specific sum and not a general pledge. (Story on Agency, §§ 380, 381; *Neponset Bank* v. *Leland*, 5 Metc. 259; Grant on Banking, 168; 3 Pars. on Cont. 262.) The plaintiffs, therefore, had no right to the property as a pledgee or by virtue of a lien as bankers; and as their lien had been paid in full before the action was brought, the firm of Boyd Bros. & Hobson was entitled to the same, and the declarations of Boyd were competent evidence, and the court erred in excluding the same. These declarations do not stand in the attitude of those of an assignor made after an assignment has been made, or of a mortgagor made before assignment, or a former owner of property, or of a chose in action, but rest upon the principle that the real owner or holder of property is bound by his own acts and declarations.

It also follows that from the fact that there was no general lien, and that the specific lien had been discharged by payment of the loan, there was no right of possession in the plaintiffs at the time the action was commenced; and for that reason the motion to dismiss the complaint should have been granted.

Without considering some other questions raised, the order of the General Term should be affirmed and judgment absolute ordered for the defendant upon the stipulation with costs.

All concur.

Order affirmed and judgment accordingly.