The President and Directors of the Franklin Bank of Baltimore *vs.* W. Hall Harris, and Lennox Birckhead, Assignees of Thomas J. Wilson. W. Hall Harris, and Lennox Birckhead, Assignees of Thomas J. Wilson *vs.* The President and Directors of the Franklin Bank of Baltimore.

*Hypothecation of Stock as Collateral security for a Loan—Trover—Measure of Damages.*

On the 14th of May, 1890, W. borrowed of the F. Bank of Baltimore a sum of money, for which he executed and delivered to the bank a demand note, depositing at the same time as collateral security for its payment, certain stocks and bonds. The note contained this provision: "It is also agreed that if I shall come under any other liability, or enter into any other engagement, with said bank, while it is the holder of this obligation, that the net proceeds of sale of the above securities may be applied either on this note, or any other of my liabilities or engagements held by said bank, as its president or cashier may elect." W. afterwards became insolvent, and made an assignment of his property to trustees for the benefit of his creditors. The assignees of W. tendered the amount of the note, with interest to the date of tender, and demanded the note and the securities which had been deposited as collateral. The bank, however, refused to make a surrender of the securities, claiming to hold them as collateral for a demand note of one G. dated December 30th, 1889, which was indorsed by W. In an action of *trover* brought by the assignees of W. against the bank it was Held:

1st. That the plain and obvious meaning of the contract, and that which was contemplated by the parties at the time of its execution, was, to cover liabilities made after the execution of the note, and those entered into at the time of its delivery, and the stock could not be held as security for a responsibility incurred by W. nearly five months prior to the depositing of the stock.

2nd. That the amount of damages to which the plaintiffs were entitled, was the value of the property mentioned in the declaration, on the 18th of November, 1890, less the amount tendered on that date, with interest thereon, in the discretion of the jury.

CROSS-APPEALS from the Baltimore City Court.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the plaintiffs offered the five following prayers:

1. That by the true construction of the contract signed by Thomas J. Wilson, and offered in evidence by the defendant, bearing date May 14th, 1890, the defendant was not entitled to retain possession of the securities pledged, after a tender of the amount of the debt therein mentioned, with legal interest, and a demand for their return; and if the jury shall find that the plaintiffs are such assignees, and made such tender and demand, and met with such refusals as have been testified to by themselves as witnesses, then the plaintiffs are entitled to recover.

2. That inasmuch as it appears from the defendant's own evidence, that payment of the demand note of Charles D. Gaither was not demanded until November 19th, 1890, the assignor of the plaintiffs was not bound by any liability or engagement arising from his endorsement thereof at the time when a return of the securities sued for in this case is alleged to have been demanded and refused, and if the jury shall find the facts in the plaintiffs' first prayer enumerated, then their verdict must be for the plaintiffs.

3. If the jury shall find that payment of the demand note of Charles D. Gaither, offered in evidence by the defendant, was not demanded for more than a reasonable time after it came into the possession of the defendant, and that the plaintiffs are such assignees, and made such

tender and demand, and met with such refusals as have been testified to by themselves as witnesses, then the plaintiffs are entitled to recover.

4. If the jury shall find for the plaintiffs the measure of damages is the value of the property mentioned in the declaration on November 18th, 1890, with interest thereon in their discretion.

5. If the jury shall find for the plaintiffs, the measure of damages is the value of the property mentioned in the declaration on November 18th, 1890, with interest thereon, in their discretion, less the amount tendered on November 18th, 1890, as shown by the evidence.

The defendant offered the two following prayers:

1. That there is no legally sufficient evidence in this case that the defendant converted to its own use the securities mentioned in the declaration, and therefore the verdict must be for the defendant.

2. That under the true construction of the note signed by Thomas J. Wilson, dated May 14th, 1890, the defendant was entitled to retain the securities mentioned in the declaration as a security for the note of Charles D. Gaither, dated December 30th, 1889, and endorsed by Thomas J. Wilson, and therefore plaintiffs are not entitled to recover in the action.

And the Court (HARLAN, J.,) granted the plaintiffs' first and third prayers, and rejected their second, fourth and fifth prayers, and the two prayers of the defendant, and gave the following instruction of its own, viz.,

If the jury shall find for the plaintiffs, the measure of damages is the value of the property mentioned in the declaration, on November 18th, 1890, less the amount tendered on that date as shown by the evidence, with interest on the sum so ascertained, in their discretion.

Both the plaintiffs and the defendant excepted, and the verdict and judgment being for the plaintiffs for less than the amount claimed, both parties appealed.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, ROBERTS, and BRISCOE, J.

*Charles J. Bonaparte,* for Harris and Birckhead, assignees.

*John J. Donaldson,* for the Franklin Bank of Baltimore.

BRISCOE, J., delivered the opinion of the Court.

These are cross-appeals. The action was one of *trover,* brought by the assignees of Thomas J. Wilson against the President and Directors of the Franklin Bank of Baltimore, to recover the value of certain securities deposited by him as collateral with the defendant corporation. There was no dispute about the facts, and they are as follows:

On May 14th, 1890, Thomas J. Wilson borrowed of the bank two thousand dollars for which he executed and delivered to it a demand note, depositing at the same time, as collateral security for its payment eighty shares of Bellaire and Zanesville and Cincinnati Railroad Company preferred stock, and two thousand dollars of Oskaloosa Water Bonds. The note contained this provision: "It is also agreed that if I shall come under any other liability, or enter into any other engagement, with said bank, while it is the holder of this obligation, that the net proceeds of sale of the above securities may be applied either on this note, or any other of my liabilities or engagements held by said bank, as its president or cashier may elect." Wilson afterwards became insolvent, and made an assignment to the plaintiffs for the benefit of his creditors, who qualified as trustees.

These trustees tendered the amount of the note, with interest to date of tender, and demanded the note, and

the securities which had been deposited as collateral. The Bank, however refused to make a surrender of the securities, claiming to hold them as collateral for a note of one Charles D. Gaither, dated December 30, 1889, for $1451, which was endorsed by their assignor, Thomas J. Wilson. The judgment of the Court below being in favor of the plaintiffs for the sum of $259.55 less than the plaintiffs claimed, both parties have appealed.

The first question, then, that presents itself for our consideration, is a construction of the provisions of the collateral note, which was raised by the plaintiffs' first and the defendant's second prayer.

It was earnestly contended on the part of the Bank that the effect of the contract of the 14th of May, 1890, was retroactive, that it not only covered future, but past liabilities. The Court below granted the plaintiffs' first prayer, which instructed the jury that by the true construction of the contract, the defendant was not entitled to retain possession of the securities pledged, after a tender of the amount of the debt therein mentioned, with legal interest. In other words, that the defendant was not entitled to retain the securities mentioned in the declaration as a security for the note of Charles D. Gaither, dated December 30, 1889, and endorsed by Thomas J. Wilson.

And in the granting of this prayer and the rejection of the defendant's second prayer, which was the converse of the plaintiffs' first prayer, we think there was no error.

The plain and obvious meaning of the contract, and that which was contemplated by the parties at the time of its execution, was to cover future liabilities made after the execution of the note, and those entered into at the time of its delivery. Any *other* liability he should come under or enter into, or any other engagement that he should make, is the language of the contract. A

responsibility assumed by him nearly five months before the making of this note, and not mentioned at the time it was given, nor embraced in its provisions, cannot be considered as coming under other liabilities or engagements which should thereafter be entered into. Besides this, there were power and authority given the Bank to sell these securities upon a default, but it was distinctly provided that this should not be done except on the non-performance of promises contained in the note itself. The Gaither note was payable on demand, dated December 30, 1889, and was due at the time of the execution of the collateral note. The remaining question is upon the correctness of the Court's rulings as to the measure of damages, and arises upon the plaintiffs' appeal. The Court rejected the plaintiffs' fourth and fifth prayers, and gave the following instruction of its own: That the measure of damages is the value of the property mentioned in the declaration on November 18th, 1890, less the amount tendered on that date, as shown by the evidence, with interest on the sum so ascertained, in their discretion. And in the correctness of this ruling we entirely concur.

It follows, therefore, that the judgment must be affirmed.

*Judgment affirmed.*

(Decided 21st April, 1893.)