## Charles E. Ware v. Barnard & Leas Mfg. Co.

1. PLEDGES—*Of Property as Security for a Certain Debt.*—Personal property pledged specifically as security for a certain debt can not be held as security for other debts of the pledgor subsequently contracted without an agreement to that effect.

Bill of Interpleader.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.   Heard in this court at the October term, 1900.   Reversed and remanded.   Opinion filed April 22, 1901.

FRANCIS B. DANIELS, attorney for appellant.

W. R. MOORE, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

This suit was begun by bill of interpleader, by one Barnum, who held, for the use of the person entitled thereto, certain moneys which were the balance of an amount paid upon a loss by fire under the terms of a policy of fire insurance.

The interpleading complainant paid over the amount in question to the clerk of the Superior Court.

Appellant and appellee each answered the bill of interpleader, and thereby each claimed to be sole owner of the fund in question and entitled thereto.   A hearing was had upon a stipulation of facts and oral evidence, and the court adjudged the fund in dispute to be paid to appellee.

The facts which are disclosed by the stipulation and by the evidence are as follows:

Appellee, the Barnard & Leas Manufacturing Company,

held a mortgage on certain property, and a policy of fire insurance on the property was taken out by the owner, in its own name, and placed in the hands of appellee, the mortgagee, as collateral to the mortgage notes, with a slip attached making the loss, if any, payable, for the account of the assured, to said company " as their interest may appear." Afterward the assured became indebted to said company on a simple contract debt not secured in any way upon the insured property. Afterward there was a fire, and Barnard & Leas Manufacturing Company's mortgage was paid out of the insurance money, and the question presented is whether, without the consent of the assured, and against the claim of one to whom the rights of the assured have been assigned, the Barnard & Leas Manufacturing Company is entitled to have its simple contract debt paid out of the surplus insurance money remaining after the payment of the mortgage debt. Appellant, Charles E. Ware, the party disputing the claim of said company to such surplus, has succeeded to the rights of E. E. Halstead, to whom the interest of the assured in the insurance money was assigned immediately after the fire.

The general proposition is well established that personal property pledged specifically as security for a certain debt can not be held as security for other debts of the pledgor subsequently contracted, without agreement to that effect. Baldwin v. Bradley, 69 Ill. 32; In re Medewe, 26 Beav. 588; Talbot v. Freer, L. R. 9, Ch. Div. 568; Reynes v. Dumont, 130 U. S. 354; Buckley v. Garrett, 60 Pa. St. 333; Wycoff v. Anthony, 90 N. Y. 442; Hathaway v. Fall River Bank, 131 Mass. 14.

But it is contended that the expression in the assignment clause to appellee, " as their interest may appear," operates to extend the assignment to any interest subsequently arising and appearing at the time of the loss.

We are of opinion that this contention is not tenable. It seems clear that the contract of the parties was made in relation to and in contemplation of an interest of the person secured then existing, and that the limitation, " as their in-

terest may appear," is not to be read as applying to any new interest, not in existence when the contract was made.

At the time of the contract pledging the policy, appellee had only the claim of its mortgage against the pledgor.

At the time of the loss and after satisfaction of the mortgage debt, appellee merely had a personal claim against the owner of the property for the sum of $700. It had no lien upon any of the property insured for any part of that amount. So far as the claim for the $700 was concerned, appellee was nothing more than a simple contract creditor.

We are of opinion that the extent of the contract of the owner of the property and policy of insurance with appellee was limited to appellee's insurable interest when the contract was made, and that the contract had no relevancy whatever to any simple contract debts which might thereafter become due to appellee.

But it is contended by counsel for appellee that there was no valid assignment of the interest of the owner of the property destroyed to appellant. We regard this contention as untenable. The assignment was made after the loss. Possession of the policy was not essential. Aultman v. McConnell, 34 Fed. Rep. 724.

We are of opinion that when appellee had been paid its mortgage debt out of the insurance money that its claim upon the fund was extinguished, and that appellant, to whom it had been assigned after the loss, was entitled to the balance.

Therefore, the judgment of the Superior Court is reversed and the cause is remanded, with directions to that court to enter a decree awarding the amount in controversy to appellant.

Reversed and remanded with directions.