The First National Bank of Litchfield

*v.*

Mary A. Southworth.

*Opinion filed June 23, 1905.*

Contracts—*clause respecting collateral security construed.* A clause in a note signed by two persons, which recites that certain collateral has been deposited to secure the note and "all other present and future demands * * * against the undersigned," does not apply to a demand against one, only, of the signers, since the clause is no part of the note itself and the statute making joint obligations joint and several has no application thereto.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the City Court of Litchfield; the Hon. Paul McWilliams, Judge, presiding.

This was an action of trover, brought in the city court of Litchfield by Mary A. Southworth, the appellee, against the First National Bank of Litchfield, Illinois, the appellant, to recover the value of a promissory note and real estate mortgage securing it, which, it is claimed, have been converted by appellant. The general issue was the only plea filed. The case was heard by the court without a jury, by agreement of the parties, and resulted in a judgment for $1054.65 in favor of appellee, which has been affirmed by the Appellate Court for the Third District. The appellant prosecutes a further appeal to this court.

On March 3, 1900, E. Southworth, the husband of the appellee, gave his individual note for $750 to the appellant, due six months after date. On March 6, following, Mary A. Southworth and E. Southworth delivered to the appellant an instrument signed by both of them. It consisted of an ordinary promissory note for $1000, payable to appellant one year after date, and contained this clause, among others: "Having deposited with said bank, as collateral security, for the payment of this note, and also as collateral security for

all other present and future demands of any and all kinds of the said bank against the undersigned due or not due, the following property, viz.: One note $200, due March 3, 1901, signed Heie & Lucy Weber; one note $1733.60 secured by mortgage signed by Florence E. and T. F. Blankley, dated Feb. 19, 1900." The note of March 6 was paid on November 11, 1903, and was then delivered to E. Southworth. Demand was made of the bank by appellee for the return of the Blankley note and mortgage. The bank refused to surrender them, claiming the right to hold them as security for the payment of the individual note of E. Southworth for $750, by virtue of the provision quoted from the instrument of March 6. Appellee then brought this suit to recover their value. The judgment rendered herein represents the value of the Blankley note.

The only question presented for the consideration of this court is the refusal of the city court to hold the following proposition, offered by appellant, as the law governing the case: "The court holds as a matter of law, that the contract pledging the collateral notes to the bank to secure the note of $1000, signed by the plaintiff and E. Southworth, payable to the defendant, gives the defendant a lien upon said collateral note to secure the note of $750, which E. Southworth owed the defendant."

AMOS MILLER, for appellant.

J. H. ATTERBURY, and W. V. HALLFORD, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellant urges that the provision in the instrument of March 6, reciting that the Blankley note and mortgage had been deposited with the bank as collateral security for all present demands of the bank against "the undersigned," included within its terms, as a present demand against "the undersigned," the note for $750 which was at that time a

demand of the bank against E. Southworth alone. We do not so construe that provision. The instrument was signed by Mary A. Southworth and E. Southworth, who jointly, and in no other way, answer to the description of "the undersigned," as those words are there used.

The provision in which the words "the undersigned" occur, is no part of the promissory note. It is merely a statement that the makers of that note have deposited the Blankley note and mortgage with the bank as collateral security, etc. It is not an obligation or covenant, and hence the statute making joint obligations and covenants both joint and several, has no application, and cannot be considered in construing the provision in question.

The instrument of March 6, therefore, did not give the appellant a lien upon the collateral note to secure the individual note of E. Southworth for $750, and the city court did not err in refusing to hold that the proposition offered by appellant stated the law governing the case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*