## WESLEY L. McCREA v. FIRST NATIONAL BANK OF AUSTIN.[1]

### April 9, 1925.

### No. 24,473.

**"Indebtedness" defined and describes an actual and not contingent liability.**

M owned a $10,000 note and mortgage. He loaned it to his father to be used as collateral to a note given a bank for $680. His assignment to the bank disclosed the purpose and then added: "and for any other indebtedness of" the father to the bank. The father had given a $13,000 note and mortgage to H who had assigned the same to the bank as collateral to his indebtedness. *Held*:

(1) "Indebtedness" means a state of being indebted or a sum owed. A "debt" is that which is due from one person to another—a liability of one to another.

2) The pledgee's actual interest is purely contingent in this, that it depends for effect on something that may or may not occur; and the

[1]Reported in 203 N. W. 220.

term "indebtedness" as used is construed as meaning a direct and not a contingent liability.

(3)   Construction should be avoided that will lead to absurd results.

*Headnote 1.   See Debt, 17 C. J. pp. 1374, 1375, § 1; Indebtedness, 31 C. J. pp. 411, 412, § 1.

Headnote 2.   See Indebtedness, 31 C. J. p. 412, § 2; Pledges, 31 Cyc. pp. 809, 823.

Headnote 3.   See Contracts, 13 C. J. p. 541, § 511.

Action in the district court for Mower county to recover possession of a note and mortgage or the value thereof. The case was tried before Peterson, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*Arthur W. Wright* and *Martin A. Nelson*, for appellant.

*Catherwood & Nicholsen* and *Clark & Clark*, for respondent.

WILSON, C. J.

Plaintiff owned in his name a $10,000 promissory note secured by a real estate mortgage. He loaned it to his father to be used as collateral security to his note to defendant for $680. Defendant prepared an assignment which was read and executed by plaintiff. It stated that the assignment was made as collateral to the note last mentioned and then added: "and for any other indebtedness of F. C. McCrea (the father) to the First National Bank" etc. The father had given a $13,000 note, and real estate mortgage securing the same, to one Hunt, who, in turn, had assigned the same to defendant as collateral security to his indebtedness to the bank. Upon payment of the $680 note plaintiff's demand for his note and mortgage was refused, on the claim that the bank under the language of the assignment was entitled to hold them as collateral security to the payment of the father's $13,000 note and mortgage so given to Hunt and which the bank held as collateral to Hunt's indebtedness to it. Plaintiff prevailed in an action to recover possession of his note and mortgage and from an order denying defendant a new trial it has appealed.

"Indebtedness" means a state of being indebted or a sum owed. The language indicates a debt to the bank. A "debt" is that which is due from one person to another—that which one person is bound to pay to another. It is a liability of one to another.

Was the $13,000 note of the father, which was held by the bank as collateral to the Hunt indebtedness to the bank, a debt of the father to the bank within the meaning of the word "indebtedness" as used? The bank held this note as a pledgee. This note was a debt from the father to Hunt. It was delivered to the bank to secure the performance of the Hunt obligation and upon the performance of that obligation the collateral was to be returned to Hunt. It is an additional security to the personal obligation of the borrower, Hunt. When it was hypothecated with the bank, the bank acquired certain rights therein. The term necessarily implies the transfer to the creditor of an interest in the property so hypothecated. It is a cumulative means for securing payment of the original debt. The holder acquires the legal title, and he may institute legal proceedings thereon to collect the same. The pledgee takes it as a trustee for the pledgor. The pledgee's actual interest is purely contingent in this, that it depends for effect on something that may or may not occur. The term "indebtedness" as used must be and is construed as meaning direct and not contingent indebtedness. The result is that plaintiff's collateral did not become collateral to Hunt's collateral, but to the $680 note only. Under the circumstances the indebtedness of the father evidenced by the $13,000 note and mortgage was an indebtedness to Hunt and not to the bank. First Nat. Bank v. Southworth, 215 Ill. 640, 74 N. E. 771; Talmage v. Third Nat. Bank, 91 N. Y. 531; Duncan v. Brennan, 83 N. Y. 487; Franklin Bank v. Harris, 77 Ind. 423, 26 Atl. 523.

Our conclusion is reached without consideration of the supporting rule of construction that so far as possible a construction is to be avoided that will lead to absurd or unjust results. In this case plaintiff's collateral matured in 5 years. His father's collateral matured in 10 years. Upon defendant's theory of construction it could collect plaintiff's collateral upon maturity, and then, not being

able under the law to apply it upon the $13,000 note and mortgage before its maturity, it could hold plaintiff's $10,000 and interest for 5 years awaiting the maturity of the other obligation. We cannot conclude that any of the parties ever so intended. The evidence sustains the findings of the trial court.

Affirmed.