BANK OF HOWARD LAKE v. A. J. VEIGEL AND ANOTHER.[1]

April 12, 1929.

No. 27,236.

S. A. Johnson and W. E. Reyerson, for appellant.
David F. Nordstrom, for respondents.

DIBELL, J.

Action to foreclose collateral held by the plaintiff as security for a $4,000 note which was the obligation of the defendant Bank of Dassel. There were findings for the defendants, and the plaintiff appeals from an order denying its motion for a new trial.

On January 6, 1926, a note was executed to the plaintiff by one Johnson and others for $4,000, payable on January 6, 1927. This note was an accommodation note for the Bank of Dassel and was its obligation. It got the money.

On October 29, 1926, the Bank of Dassel borrowed from the plaintiff bank, through one Comer, the sum of $4,500, and gave its promissory note for that amount and pledged as collateral thereto seven notes of $1,000 each and a note for $2,000, all secured by a contract for deed. The plaintiff claims that a part of the agreement was that the collateral should stand as security for the $4,000 note also.

On November 22, 1926, the Bank of Dassel was insolvent and was taken over by the defendant Veigel, commissioner of banks, for liquidation. On June 18, 1927, the $4,500 note was paid through the liquidation of the bank. The claim of the plaintiff now is that

[1]Reported in 224 N. W. 841.

it holds the collateral to the $4,500 note as collateral to the $4,000 note. The trial court found against this contention.

The testimony is altogether to the effect that when the $4,500 note was made it was agreed that the collateral pledged for its payment should stand as security for the $4,000 note also. A fact is not necessarily proved because there is testimony supporting it. Not all testimony is credible, and the circumstances surrounding believable testimony may be such that it need not be given the effect that on its face is claimed for it. It is subject to inferences. On the other hand the rule is that a court or jury cannot disregard the positive testimony of unimpeached and credible witnesses not improbable in itself or made improbable by surrounding facts and circumstances. There cannot be an arbitrary rejection of it. A late expression of our court upon this doctrine is found in O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 431, where the cases are collected.

The facts claimed by the plaintiff are well sustained by the testimony of Johnson, who was assistant cashier and vice president of the Dassel bank; of Lewerenz, who was cashier of the Dassel bank from July 27 until November 23, 1926; of Comer, who was president of the Howard Lake bank; and of Reyerson, who was its vice president. Their testimony is not impeached nor discredited nor disputed nor is it unreasonable. There is no question but that the Dassel bank got $4,500 in fresh money from the Howard Lake bank when it executed its note of $4,500 with the collateral mentioned. It was needing it badly. It was willing to give the collateral. There had been talk before that security would be given for the $4,000 note. It was a bit unlikely that the Howard Lake bank would advance $4,500, taking collateral sufficient to protect that note and the $4,000 note, without getting security for the latter.

It is claimed by the defendant that, in going over the assets of the bank with the deputy bank examiner after the bank went into liquidation, Lewerenz, who was assisting, said nothing about the collateral for the security of the $4,500 note also being security for the $4,000 note; and it is claimed that the $4,000 note made no

mention of the collateral attached to the $4,500 note. We regard neither of these matters of much importance. The $4,000 was not in form a collateral note. It is true too that the fact that the collateral was pledged to the $4,000 note does not show on the Dassel bank books. These circumstances are not sufficient, in our opinion, applying with caution the rule as to the effect of uncontradicted testimony, to impair the reasonable and unimpeached testimony of the witnesses that the collateral was to stand for the $4,000 note. The finding should have been that it did.

The claim that there was no consideration for the pledge of the collateral for the payment of the $4,000 note does not merit discussion.

Order reversed.

HILTON, J. (dissenting).

I think that the finding of the trial court had sufficient support in the evidence and, on the authority of the cases cited in 1 Dunnell, Minn. Dig. (2 ed.) § 411, should stand.