## FIRST NATIONAL BANK OF MINNEAPOLIS v. JOE VAN de PUTTE.[1]

September 30, 1932.

No. 29,041.

*Hall & Catlin,* for appellant.

*A. R. English* and *Clarence J. Donnelly,* for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying its alternative motion for judgment non obstante or a new trial.

[1]Reported in 244 N. W. 416.

On March 10, 1931, defendant gave to the Marshall State Bank his promissory note for $450 due August 1, 1931. On April 29, 1931, this bank closed and passed into the hands of the commissioner of banks. Defendant then had in the bank $197.88 subject to check. On that day the Marshall State Bank had on deposit in plaintiff bank $530.44.

Plaintiff, holding defendant's $450 note as collateral to a note given by J. V. Williams, prosecutes this action to collect of defendant, who seeks credit for the $197.88.

The trial court submitted to the jury the question whether the payment for this note by plaintiff had been made before it received notice of defendant's deposit of $197.88 in the Marshall State Bank, and also instructed the jury that if plaintiff at the time it received notice of defendant's defense had sufficient money credited to the Marshall State Bank with which to pay this note then the plaintiff could not recover the full amount of the note. The jury found in favor of defendant and rendered a verdict for plaintiff less the $197.88.

Plaintiff took exception to the instructions of the court and asked for a directed verdict, claiming that there was no evidence in the case that plaintiff ever had any notice of any offset by the defendant or any claim of offset previous to the bringing of this action.

There is in fact no evidence in the case that plaintiff ever had any notice of any offset by the defendant until his answer was interposed. Neither is there any evidence in the case to indicate that the credit of $530.44 standing upon plaintiff's books in favor of the Marshall State Bank at the time of its failure was a part of the proceeds of the $25,000 loan which Williams caused to be credited to the Marshall State Bank. These were defensive matters concerning which defendant offered no proof, only the one of which was pleaded.

The case was tried upon the testimony of Mr. Williams and certain exhibits. He is a lawyer living at Marshall, Minnesota. He testified that he was a stockholder and officer of the Marshall State Bank; that in April, 1931, the bank transferred to him notes

aggregating $25,000.48, and that he gave the bank $25,000 in cash for these notes; that he took these notes, including the one in suit, to the plaintiff and used them, together with a mortgage for $30,000 which he owned, as collateral in borrowing from the plaintiff $25,000 with which he paid the Marshall State Bank for the notes. His $25,000 note matured October 17, 1931, and he then reduced it to $17,535.04 and later made a further reduction and a renewal wherein his indebtedness to plaintiff was $15,318. At the time of the trial this amount remained unpaid. He testified that plaintiff made the $25,000 loan to him personally; that at that time his bank was in need of cash, and when he procured the $25,000 from plaintiff he caused it to be credited to the Marshall State Bank in its account with plaintiff.

Plaintiff bank holding the note in question as collateral is entitled to bring this action for its collection. McCrea v. First Nat. Bank, 162 Minn. 455, 203 N. W. 220. But defendant asserts that plaintiff is not a bona fide holder for value in due course. The argument is that Williams took the notes from the Marshall State Bank and carried them to Minneapolis and would never have acquired title had he been unable to negotiate the loan with plaintiff. But he did negotiate the loan. The facts and circumstances resulted in a transfer of title not only to Williams but also to plaintiff. Had Williams not negotiated the loan he would have returned the notes. Obviously plaintiff expected some margin on collateral above the $25,000. The Marshall bank needed money. Had it made the $25,000 loan it would have required more collateral. Williams was willing to buy these notes from the Marshall State Bank and to borrow money thereon, together with other security, so as to pay the bank for the notes. That was the agreement. Good banking demanded that the bank not increase its liabilities. So Williams, the president, took title to notes aggregating $25,000.48 and got $25,000, which he gave to the bank. The transaction wherein the Marshall bank got credit with plaintiff was no different than if it had received cash. The transaction was real. It was not unusual. Williams used his mortgage as additional collateral

to his personal note. His testimony covers plaintiff's claim. It is complete. It is not denied. It is clear, positive, and not improbable or contradictory. Mr. Williams stands unimpeached. There are no discrediting facts or circumstances. Hence his testimony is binding upon the trier of fact, and it cannot be arbitrarily disregarded. O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430; Manley v. Harvey Lbr. Co. 175 Minn. 489, 221 N. W. 913; Watson v. Goldstein, 176 Minn. 18, 222 N. W. 509; Weber v. Arend, 176 Minn. 120, 222 N. W. 646; Koppe v. Hilton & Thompson, 176 Minn. 508, 223 N. W. 787; State v. Watrous, 177 Minn. 25, 224 N. W. 257; Bauman v. Roth Downs Mfg. Co. 177 Minn. 98, 224 N. W. 459; Bank of Howard Lake v. Veigel, 177 Minn. 187, 224 N. W. 841; Blair v. Village of Coleraine, 177 Minn. 376, 225 N. W. 284; Silver v. Harbison, 178 Minn. 271, 226 N. W. 932; Coffman v. Kummer, 179 Minn. 120, 228 N. W. 751; Moschogianis v. Concrete M. & M. Co. 179 Minn. 177, 228 N. W. 607; Corn v. Sheppard, 179 Minn. 490, 229 N. W. 869; Woll v. Hensel, 180 Minn. 353, 230 N. W. 813; Hasslen v. Carlson & Hasslen, 180 Minn. 473, 231 N. W. 188; Brajan v. Oliver I. Min. Co. 181 Minn. 296, 232 N. W. 342.

Every holder of a promissory note is deemed prima facie to be a holder in due course. G. S. 1923 (2 Mason, 1927) § 7102. There is no showing in the record of the title being defective within the meaning of § 7098. But aside from that, plaintiff did not rest its case upon its making a prima facie showing. It went ahead with the testimony and covered the entire transaction. It proved its case. Defendant called no witnesses.

We are of the opinion that the evidence is conclusive that plaintiff is a holder of defendant's note in due course, and the order is reversed with instructions to enter judgment for the plaintiff for the full amount of the note and interest.

Reversed.