JOHN H. STEVENS v. ELIZABETH DURRENBERGER AND ANOTHER.[1]

December 21, 1934.

No. 30,196.

*John C. Zehnder,* for appellants.

*Boyesen, Otis & Faricy* and *Warren E. Burger,* for respondent.

HILTON, JUSTICE.

The action is on a contract to enforce payment of a commission claimed by plaintiff to be due him for services rendered by him in procuring a purchaser for certain real property owned by the de-

[1]Reported in 258 N. W. 147.

fendants. The case was tried to the court without a jury upon a stipulation of facts. The court adopted the facts recited in the stipulation as its findings of fact, and as conclusion of law found that plaintiff was entitled to judgment for the sum of $275 with interest thereon and costs and disbursements of the action. The defendants appeal from the judgment subsequently entered. The error assigned is that the conclusion of law is not justified by the evidence and the findings of fact.

On or about February 24, 1932, plaintiff secured one William Kirmse as a prospective purchaser of defendants' property at a price of $7,000, payable, after a down payment of $100, in monthly instalments of $40, to be paid the first day of each month beginning March 1, 1932, and in addition $1,000 or more was to be paid on March 1, 1933, and on each succeeding March 1 until the whole purchase price was paid. On February 26, 1932, a written contract was entered into between plaintiff and defendants by the terms of which defendants agreed to pay plaintiff $75 in cash as a commission provided that the sale of the property was consummated by Kirmse "signing up a regular real estate contract for deed." On February 29, 1932, such a contract was executed by defendants and Kirmse. The $75 was paid. The contract between plaintiff and defendants provided for a further payment of $275 to plaintiff. The payment of that amount, however, was conditional. With reference thereto the contract provided:

"* * * and in case the said William Kirmse shall comply with the terms and conditions of the said Contract for deed and shall pay the said monthly payments of $40.00 as they become due, under the terms of said contract and shall in addition thereto pay the sum of $1,000.00 due under the terms of the said contract due on March 1, 1933, then and in that event the said owners hereby agree to pay to the said J. H. Stevens an additional commission of $275.00, but in case the said William Kirmse defaults in making the monthly payments due on or before March 1, 1933, under the terms of said Contract for Deed or fails to make said payment of $1,000.00 on March 1st, 1933, then and in that event the said payment of $75.00 shall be payment in full of any and all commis-

sions due or to become due to the said J. H. Stevens from said owners of the said real estate."

Kirmse did not pay the monthly payments from September 1, 1932, to April 1, 1933, nor did he pay the $1,000 due on March 1, 1933, on that date. No notice of cancellation of the contract for deed, as authorized therein, was ever served by defendants upon Kirmse. On April 17, 1933, Kirmse sold and assigned his interest in the contract for deed, and on or about that date his assignee paid to the defendants $1,245.10, which was payment in full of all that was then due under the terms of the contract, with interest. That payment was accepted by defendants.

The contract for deed provided that should default occur in the payment of any of the instalments, interest, or taxes, or in any other covenant, then the agreement was "to be void at the election of the * * * [defendants], time being of the essence of this agreement."

The stipulation stated, and the court found, that Kirmse "was in default in making the payments due under the terms of the said contract from September 1st, 1932, to April 1st, 1933, inclusive, except that Five Dollars of the moneys paid by the said vendee on November 8th, 1932, was applied on the monthly payment due September 1st, 1932." Defendants contend that the conclusion of law is contrary to that finding. They assert that the finding of default in monthly payments up to April 1, 1933, and the default in the payment of the $1,000 on March 1, 1933, compels a conclusion that under the provision of the contract hereinbefore quoted the $75 was payment in full of all commissions due plaintiff. Plaintiff contends that the payment of the $275 was conditioned upon a compliance with "the terms and conditions of said contract for deed," and that since no notice of cancellation was ever served, payment of the unpaid amounts on April 17, 1933, and the acceptance thereof, was a compliance with such terms and conditions and that therefore plaintiff's contract had been performed according to the intentions of the parties. We agree therewith.

The contract for deed not having been canceled, the vendee therein had the right to pay the amounts due thereunder and the vendor must accept them. 2 Mason Minn. St. 1927, § 9576, provides:

"When default is made in the conditions of any contract for the conveyance of real estate or any interest therein, whereby the vendor has a right to terminate the same, he may do so by serving upon the purchaser, * * * a notice specifying the conditions in which default has been made, and stating that such contract will terminate thirty days after the service of such notice unless prior thereto the purchaser shall comply with such conditions and pay the costs of service."

The payment made on April 17, 1933, by the vendee's assignee, continued the contract in full force and effect. That contract was then fully performed up to that date.

In construing a contract so as to determine the intent of the parties thereto there are certain well established rules of guidance. A contract is to receive a reasonable construction, one that will effectuate its object as disclosed by the instrument as a whole, taking into consideration the circumstances under which it was made. See cases cited in 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 1827. A construction of a contract that would lead to unjust results is to be avoided. McCrea v. First Nat. Bank, 162 Minn. 455, 203 N. W. 220. In view of the fact that but $100 was to be paid down by the vendee, it is plain that the object plaintiff and defendants had in mind when entering into their contract was to avoid a liability on the part of defendants to pay the full commission fee unless and until the sale contract was performed to such an extent as would assure the vendors of substantial payments thereunder. That object has been achieved. It would be a narrow and strained construction, with an inequitable result, to hold that plaintiff should forfeit the agreed commission merely because the payments under the contract for deed, although made in full and accepted, were not made on the exact dates specified.

Although the time of payments under the contract for deed was stated therein to be of the essence of that agreement, defendants having chosen (by their failure to cancel the contract) not to avail themselves of that provision, it can have no effect on the contract between the parties here. Permitting the contract for deed to remain in full force and effect a considerable time after

defaults therein indicates that defendants did not consider time of payment a controlling feature thereof or as essential to its continuance. By their own conduct and action they clearly showed a contrary determination. The contract for deed was fully performed, and it is our conclusion that such performance, though somewhat late, was all that plaintiff and defendants contemplated as necessary to entitle plaintiff to the further commission payment.

Affirmed.