**MILLER et v DIME SAVINGS BANK CO**

Ohio Appeals, 9th Dist, Summit Co

No 2444. Decided Feb 19, 1935

Myers, Dinsmore & Whittemore, Akron, for plaintiffs.

Musser, Kimber & Huffman, Akron, for defendant.

## OPINION

By STEVENS, J.

The question first presented is whether the $1300 note, signed by Jean Harkins and the Palatial Building Co., is a joint, several, or joint and several obligation.

Upon the authority of the following cases, we hold said note to be a joint obligation:

National Bank of Kentucky v Gallagher, 243 Ky. 740.

In Re Evans, 238 Fed. 543.

Heffner v First Natl. Bank, 87 A.L.R. 610.

In Re Haynsworth, 34 Fed. (2nd) 334.

The next question is whether or not the collateral hypothecated as security for the payment of the joint obligation, under the wording of the note in question, may be applied toward the liquidation of a several obligation, owing to the payee bank by one of the joint obligors other than the one by whom the collateral was deposited.

Upon the authority of the cases above cited, and also—

First Natl. Bank v Southworth, 74 NE 771;

San Antonio Natl. Bank v Blocker, 13 SW 961; and

Loyd v Lynchburg Natl. Bank, 11 SE 104—we hold that said collateral cannot be so applied.

The rule is well stated in National Bank of Kentucky v Gallagher, supra, as follows:

"3. Pledges—Contract in pledgors' joint note, pledging stock to secure all sums for which undersigned might be liable, did not pledge one pledgor's property for other pledgor's individual debt."

A decree may be drawn granting to plaintiff the relief prayed for in the petition, with exceptions to defendant.

FUNK, PJ, and WASHBURN, J, concur in judgment.