ANDREW SONNEK *vs.* TOWN OF MINNESOTA LAKE *et al.*

Argued June 6, 1892. Decided July 22, 1892.

**Order Locating Highway—Indefinite Description.**

An order of supervisors laying out a road must definitely describe its location. A description following a specified line "as near as practicable" does not locate a road anywhere; nor is the defect cured by a subsequent survey upon a definite line.

**Indefinite as to Part, Defective as to Whole.**

An order thus defective as to a part of the road attempted to be established will be deemed defective as to the whole, at least in the absence of any apparent reason, in the facts of the case, for regarding the whole proposed road otherwise than as an entirety.

Appeal by defendants, the Town of Minnesota Lake, and Albert Troska, from a judgment of the District Court of Faribault County, *Severance*, J., entered December 24, 1891.

The plaintiff was the owner of the northwest quarter, and the northeast quarter of the southwest quarter, of section 16, T. 104, R. 25, in Faribault County. On May 9, 1885, the defendant, the Town of Minnesota Lake, attempted to lay out a highway across this land and other land in the town. An order was made establishing and laying out this road, describing the location of the highway over the land of plaintiff, and to a certain point beyond with sufficient accuracy, and then proceeding as follows: "Thence south on section lines as *near as practicable* between sections 16 and 17, 20 and 21, 28 and 29, all in Town 104, Range 25, to the road running east and west between sections 28 and 33," etc. This order was filed and recorded in the office of the town clerk. On December 30, 1885, a survey of a road intended to be the road described in the order was made, and a plat of the road made and filed. The road as surveyed deviated from the section lines several rods at two points where the order prescribes it was to be located on section lines or "as near as practicable." No appeal was ever taken from the order laying out the highway.

This action was brought to recover damages against the town and Albert Troska, who was supervisor of highways, for trespass alleged to have been committed in constructing and using the highway across plaintiff's land.   The action was tried before the court without a jury, a decision made in favor of plaintiff, and judgment for $25, damages, and $37.47, costs, ordered against the defendants.   A motion for a new trial was made and denied and judgment entered on the decision.   Defendants appeal from the judgment.

*Wm. N. Plymat* and *T. M. Keogan,* for appellants.

*C. N. Andrews,* for respondent.


DICKINSON, J.   We are to consider whether the facts found by the district court show the legal establishing of a highway across the plaintiff's land.   The validity and effect of an order of the town supervisors, by which the road is claimed to have been established, is particularly to be considered.   This order was made in the year 1885, in proceedings instituted by petition for the laying out of a road which, as proposed, was to extend a distance of some three miles and a half or more.   The order definitely described the location of the road from the place of beginning for the distance of more than a mile, this part of the line of location crossing the plaintiff's land.   The rest of the line, comprising some two miles or more, is described as running south on specified section lines, "as near as practicable," to a road running east and west between designated sections, no more definite description of the line or terminus being given.   Some eight months after the recording of this order thus indefinitely describing the road thereby declared to be laid out, and subsequent to the assessment of damages, a survey was made under the personal direction of the supervisors, which was intended to be a survey of this road.   The surveyor's report or certificate, describing a definite line of survey, with a plat of the same, was filed in the town clerk's office.   The line thus surveyed has ever since been traveled, but the plaintiff has always objected to such use of his land.   The road, as thus surveyed and traveled, in two places deviates several rods from the section lines on which the order de-

scribes it to be located "as near as practicable." No appeal was ever taken from the order.

The statute provided that whenever supervisors should lay out a road they should cause a survey thereof to be made when necessary, and that they should make out "an accurate description of the highway so * * * laid out, and incorporate the same in an order to be signed by them, and shall cause such order * * * to be filed in the office of the town clerk." Laws 1873, ch. 5, § 37, as amended by Laws 1877, ch. 48. By Laws 1879, ch. 85, it is further provided that when a survey is made, where the line of the road does not follow the lines of sections or subdivisional section lines, distances (as specified) with respect to the governmental lines of survey shall be noted,.and "the notes of such intersections shall be incorporated into the order" laying out the road.

The order by which a highway is laid out must in some manner definitely describe its location, or it will be void for uncertainty. By terms of description in the order, or at least by reference to other documents, as the survey or petition so referred to in the order as to become in effect a part of it, the location must be so certainly designated that a person conversant with such matters could trace it out on the ground. It is as plainly impossible to establish a public highway over private property by an order which in no manner defines or makes certain the location of it, as it is to give legal effect to a deed of conveyance which embraces no certain description of any land as the premises conveyed. Hence, as to so much of the road as was by the order in question described only as being "as near as practicable" on the section lines, the order was of no legal effect. It did not establish or purport to establish a road on the section lines, or in any other designated place. The survey of a definite line long after the making and recording of the order did not cure this defect. The survey and platting by the surveyor was in no way incorporated or referred to in the order previously made and recorded by the supervisors. It had no legal relation to the order of the supervisors, and could not supply the essential thing which was wanting in the latter,—a designation of the location of the road attempted to be laid out.

The line of the road was definitely described where it ran through the plaintiff's premises. But the proceeding for laying out the whole road must be regarded as an entirety. Among the purposes for which the road was attempted to be established, as may be supposed, was the affording of a way for travel over the whole line, from the place of beginning, to the road which is referred to as the southern terminus. We cannot assume that a highway over a part of the line would be of any public, or even private, utility, or that the supervisors would have laid out any road if they had not supposed that they were effectually laying out the whole. There is nothing in the facts of the case, as disclosed by the findings of the court, which would justify the conclusion that there was ever any intention to lay out any road through the plaintiff's premises, except as the same should constitute a part of an entire road extending from the designated place of beginning, north of the plaintiff's land, to the road referred to as the southern terminus. Hence, as the order laying out this road was fatally defective for uncertainty as to a part of the entire line, it cannot be deemed effectual as legally laying out a road across the plaintiff's premises. The fact that no appeal was taken does not impart any effect to the order, or make valid what is on its face invalid.

We do not consider whether the difficulty arising from the uncertainty of the description in respect to a part of the line might be overcome by proof showing the existence of a highway by dedication or user along that part of the line, for there is no finding of the fact of a dedication, or even of facts going to show a dedication under the rule of the common law, or the establishment of a highway under the statute, by reason of the premises having been used and kept in repair and worked as a public highway.

The views we have expressed are in harmony with those of the learned judge of the district court, and the judgment is affirmed.