STATE *ex rel.* QUIRIN FUCHS *et al. vs.* ANGUS HAINES.

Submitted on briefs April 17, 1894. Decided July 5, 1894.

Nos. 8731, 8732.

**Judgment on road appeal.**

On appeal to a justice of the peace from an order of town supervisors laying out a highway, the amount awarded by a jury as the damages sustained by the landowner should not be included in the judgment rendered by the justice. Such amount is to be provided for and paid in the manner prescribed in 1878 G. S. ch. 13, §§ 61, 63.

*Certiorari* issued March 9, 1894, by this court on the relation of Quirin Fuchs, chairman of the board of supervisors of the Town of Zion in Stearns County to Angus Haines, Justice of the Peace of said county, to certify and return to this court the record and files in his court in the matter of the appeal of Michael F. Schultz from an order of said board laying out a highway in said town and awarding to him damages.

A petition was presented to the board of supervisors of the town of Zion in Stearns County asking that a highway be laid out on the line between sections thirty five and thirty six in T. 123, R. 32. Notices were given and the board met on November 29, 1893, and laid the highway and awarded to Schultz $10 for damages to northwest quarter of northwest quarter and north ten acres of southwest quarter of northwest quarter of section thirty six (36) owned by him. He appealed from the award of damages to Angus Haines, a Justice of the Peace, and a trial was had January 27, 1894, before a jury and he was awarded $29. The Justice thereupon entered judgment in his favor against the town of Zion for $29 damages and $28.44 costs as follows: Court fees, $7.85; constable fees, $9.75; witness fees, $3.84; jury fees, $6; hall rent, $1. To review the judgment so entered this writ of *certiorari* was issued. The justice made due return to the writ and filed in this court a certified copy of all the records and files in the matter.

*Bruckhart & Brower*, for relator.

Under 1878 G. S. ch. 13, § 60, the jury are required to make a return to the justice in writing within ten days after the matter has been submitted to them. Upon this return the justice cannot enter judgment. Section 61 provides that the return of the jury shall be filed in the office of the town clerk. This necessarily implies that whatever the jury themselves sign shall be returned, not a judgment rendered upon it by the justice. The justice has no jurisdiction to enter a judgment for the damages awarded to the landowner. A judgment for costs only might be proper. *State ex rel.* v. *Flaherty*, 46 Minn. 128. But it should be against the board of supervisors, naming them as such.

*Frank Tolman*, for respondent.

The item for hall rent was incurred by the justice by consent of both parties and should be allowed.

The statute under which this proceeding is had provides that after the issuance of the summons the justice shall proceed as in other cases of trial by jury. In other cases of trial by jury the verdict of the jury is included in the judgment. Why not in these cases?

COLLINS, J. Writs of *certiorari* to a justice of the peace. From the returns made thereto by the justice, it appears that from an order laying out and establishing a highway, made by town supervisors, certain parties—landowners—took separate appeals, as authorized by 1878 G. S. ch. 13, § 59, solely in relation to the damages awarded. Juries were duly summoned, and hearings had. By the returns made by the juries, the damages allowed in each case were largely increased. Thereupon, the justice entered separate judgments in favor of the appellants (calling them plaintiffs) for the amounts awarded to each as damages; for his own fees; for constable, witness, and for jurors' fees; also, an item for hall rent. Each of these various items was distinctly stated, so that in each of these judgments the amounts awarded to these appellants as damages clearly appeared distinct from the items of costs. The justice also filed the returns of the juries in the office of the town clerk.

1. It is claimed by the counsel for the relators (supervisors) that the justice erred when including the amounts assessed as damages in his judgments. Whatever may be said about the rendition of a judgment for costs in such a case, we think it plain that the amount awarded as damages to the landowner should not be made a part of the judgment. By 1878 G. S. ch. 13, § 61, it is provided that the return of the jury shall be filed with the town clerk, and thereupon (section 63) town orders are to be issued precisely as if no appeal had been taken. The propriety of this course of procedure, and that it is the most orderly, is evident.

2. The point is made that the justice had no power to include in his bill of costs the amount taxed for hall rent. We are not informed as to why such an item was included, but obviously the statute does not permit it. It was error to charge this amount to the unsuccessful party.

3. There is nothing in the third assignment of error.

4. The respondent justice of the peace will amend and correct each of the judgments by reducing the same in the amounts mentioned as for damages and for hall rent, and the judgments, as thus amended, are hereby affirmed. No statutory costs will be allowed in this court to the prevailing party.

(Opinion published 59 N. W. 976.)