[No. 3511. Decided March 12, 1901.]

ELVIRA C. TYLER et vir, Respondents, v. NORTH AMERICAN TRANSPORTATION & TRADING COMPANY, Appellant.

NEW TRIAL — NEWLY DISCOVERED EVIDENCE — DISCRETION OF COURT.

The denial of a new trial to defendant on the ground of newly discovered evidence does not constitute an abuse of discretion, when the newly discovered evidence consisted of statements made by plaintiff's husband differing from her own testimony, given in a deposition by him, which was taken on notice, and published during the trial without the knowledge of defendant, when the court gives full effect to any inferences deducible from the deposition in overruling the motion for new trial on condition that plaintiffs remit a portion of their verdict.

PLEADING — EXHIBITS — STRIKING OUT.

The refusal of the court to strike from a complaint an exhibit containing a statement of items of damage demanded from defendant, which named a sum in excess of the amount demanded in the complaint, was not prejudicial, when the court fully advised the jury of the limit of damages claimed and what was before them for investigation.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*Bausman, Kelleher & Emory,* for appellant.

*Upton, Arthur & Wheeler,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Action for damages on breach of contract of carriage of plaintiff Elvira C. Tyler from Seattle to Dawson City, by way of St. Michaels and the Yukon river, in 1897. The damages alleged were injured health and sickness, and expenses incident thereto, as well as expenses attending the delay in failure to transport plaintiff according to contract. There are but two errors assigned: (1) The court erred in refusing to grant a new trial on the ground of newly discovered testimony; (2) the court erred in denying defendant's motion to strike from the complaint the exhibit annexed thereto, and in denying the motion at the close of the argument that the exhibit be stricken from the pleading or that the pleading be withheld from the jury.

Relative to the first assignment, it appears that the deposition of the plaintiff George Tyler was taken upon interrogatories propounded by the plaintiffs, and upon notice to the defendant, at Dawson, and that the deposition was filed with the clerk of the trial court during the progress of the trial, and about the time the plaintiff Elvira C. Tyler was testifying; that the testimony at the time of the filing of the deposition was not concluded; that

the deposition was published and counsel for plaintiffs informed that it was filed; that counsel for defendant did not know when it was filed, although they had inquired from time to time previously to its reception to ascertain if it were filed. The respective counsel filed affidavits upon the motion for a new trial, stating the facts substantially as mentioned. Counsel for defendant maintain that the deposition was material, in that it contradicted the testimony of the plaintiff who ·testified. An examination of the deposition shows, however, some variations in the statements between the plaintiff who testified and the deponent as to the extent of some of the items of damage. The superior court overruled the motion for a new trial upon condition that the plaintiffs remit several hundred dollars in the amount of the verdict; that is, reduced it from $1,999 to $1,332. Apparently the court in its reduction gave full effect to any inferences deduced from the deposition which was not before the jury. It is evident that counsel for each party at the trial were anticipating this deposition. Of course, there was notice of its taking, and either counsel could have been advised of its contents. It cannot be said the superior court abused its discretion in refusal of the order for a new trial.

The exhibit complained of was attached to the complaint, and was a statement of the items of damage which were demanded from defendant, and amounted to a large sum,—something over $7,000. The amount demanded in the complaint was less. We cannot perceive that the court's ruling upon the exhibit remaining attached to the complaint is reversible error. The instructions of the court fully advised the jury of the limit of the damages claimed and what was before them for investigation.

The assignments of error failing, the judgment is affirmed.

DUNBAR and ANDERS, JJ., concur.