ALBIN JOHNSON v. TOWN OF CHISAGO LAKE and Another.[1]

June 13, 1913.

Nos. 18,184—(250).

**Laying out town road.**

1. In proceedings upon a petition under section 1171, Revised Laws 1905, as amended by chapter 217, Laws of 1911, which requires the town board to lay out a road to connect with a public road a tract having no access thereto, the propriety of the location of such road is a matter for the determination of the town board and for the jury on appeal. The town board is not obliged to lay out the road on the route selected by the petitioner.

[1] Reported in 141 N. W. 1115.

**Same — trial of appeal in district court — evidence.**

2. On appeal to the district court, the case is tried on the facts as they exist at the time of the trial. If a connecting road has been laid out since the action of the town board, evidence of such fact should be received and considered.

Albin Johnson appealed to the district court for Chisago county from the order of the town board of defendant town refusing to lay out a roadway prayed for in his petition. The appeal was heard before Stolberg, J., and a jury who found in favor of appellant that the proposed road be laid out as prayed for in his petition. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Reversed and new trial granted.

*William W. Fry,* for appellant.

*Alfred P. Stolberg,* for respondent.

HALLAM, J.

Albin Johnson owns the southerly portion of section 20–34–20, town of Chisago Lake, Chisago county. Berndt L. Hanson owns the adjoining land in the section to the south. The east line of both is the east section line. Their buildings are about half a mile west of this section line. Johnson petitioned the town board under section 1171, R. L. 1905, as amended by chapter 217, p. 292, Laws 1911, to lay out a road two rods wide over the land of Hanson to connect with a public highway to the south. The town board denied this petition. Johnson appealed to the district court. The case was tried before a jury. The jury returned a verdict reversing the action of the town board and finding that the proposed road be laid out as prayed for in the petition of Albin Johnson. The town of Chisago Lake and Hanson appeal from an order denying a motion for judgment notwithstanding the verdict or for a new trial.

The amended statute above cited reads as follows:

\* \* \* "Town boards are required to establish a road at least two rods wide connecting with a public road any tract of land of five acres or more owned by a person who has no access thereto except over

land of others, upon the petition of such owner alone; the damages, if any, to be paid by him before such road is opened."

A large number of errors are assigned. Two of the assignments are well taken.

1. The court instructed the jury that, if Johnson was the owner of five acres or more of land, and had no access to a public road, and this proposed road did connect with a public road, they should return a verdict for the petitioner "that said proposed road be laid out as prayed for in the petition." At the conclusion of the charge counsel for the town said: "I take an exception to the entire charge inasmuch as the court leaves out the question whether this was the proper road to allow. It is admitted all around that Mr. Albin Johnson is entitled to a road, but not certainly entitled to a road if supervisors find that is not the proper place. As that is left out, I take exception to the entire charge." The charge was erroneous and the exception was well taken. The charge left nothing for the jury to decide. It was unquestioned that Johnson owned more than five acres of land, that he had no access to a public road and that this proposed road connected with a public road. It was admitted he was entitled to a road somewhere. It was not admitted that the proposed road was in the proper place. This was the bone of contention. This was the issue litigated on the trial.

The error in the charge lay in the fact that it entirely eliminated the question as to whether this proposed route was the proper location for a road, and instructed the jury in effect that the location rested absolutely on Johnson's choice. The statute does not bear any such construction. The statute gives him a right under the conditions such as then existed to petition for a road and it requires the town board to grant him one. But this does not mean that the location depends on the petitioner's arbitrary choice. The propriety of the location of the road is a matter for the determination of the town board. The board in acting on such petition may exercise a reasonable discretion in varying the route proposed as public interests may require, provided they adhere to the point of beginning, the general course, and the termination. State v. Thompson, 46 Minn. 302, 48 N. W. 1111. If the route named in the petition is not a proper

one and cannot be made a proper route by such reasonable variations as are above mentioned, the petition may be denied.

This proposed road runs between Hanson's house and his barn and within less than a rod from his barn door. It cuts his farm in two. Members of the town board testified that they denied the petition for the reason that they thought there were other ways out; that they considered the proper place for such a road on the section line which formed the east line of both Hanson and Johnson; that they considered the proposed road the worst possible place, and that they considered the damage too great to justify the laying out of a road there. One witness testified that, if he owned the Hanson land, a road in that location could not be bought for any money.

These were matters proper for the board to consider and they were also matters proper for the jury to consider. The charge excluded all such matters from consideration of the jury.

2. Counsel for Hanson offered to show that on October 12, 1912, five days before the commencement of the trial, a road two rods wide was laid out, after regular proceedings had therefor, on the east section line and connecting the southeast corner of Johnson's land with a public road. This evidence was objected to on the ground that these proceedings were commenced after the Johnson petition had been acted upon, and it was excluded on that ground. This was error. Cases of this sort are tried in the district court without pleadings. The court should administer justice between the parties on the facts as they exist at the time of the trial. .

The court was not trying the academic question whether the town board correctly resolved the questions presented to it. It should not grant a way of necessity, if the the necessity has ceased to exist, even though it has ceased to exist by reason of facts occurring after the action of the town board. The statute [1] relating to appeals to the district court provides that "its proceedings shall be based upon the same principles which the board was required to follow in its determination," but this plainly refers, not to the evidence to be received, but, to the principles to govern the determination of the court upon the evidence. The evidence of these proceedings should have been

[1] [R. L. 1905, § 1189.]

received.   The mere fact that there was a right of appeal from the order did not detract from its use as evidence.   23 Cyc. 1233, 1234.

Order reversed and new trial granted.