## ERICK DAHLIN v. TOWN BOARD OF EDDY.[1]

May 8, 1914.

Nos. 18,555—(88).

Town road — description.

1. A description, in proceedings for the establishment of a town road, which is impossible of location, is void, and it renders all the proceedings void. Failure of the landowner to appeal does not make valid what is on its face void.

Landowner not estopped by receipt of money.

2. In such case the receipt by the landowner of money as damages upon being informed and in the belief that a road had been legally laid out in a definite location, does not estop him from asserting that the description was impossible and void.

Town road — discretion of town board.

3. Under sections 1171–1174, Revised Laws 1905, the town board might exercise reasonable discretion in varying the route proposed in the petition as public interest may require, but the road order must adhere substantially to the petition as to the point of beginning, general course, and termination. A variance of 30 rods at the point of termination is fatal.

Action in the district court for Clearwater county against defendant Neslund and the town board of the town of Eddy, to enjoin them from trespassing upon plaintiff's land for the purpose of opening a road. The answer alleged that the supervisors of the town of Eddy

[1] Reported in 147 N. W. 240.

laid out and established a public road across the land of plaintiff and that defendants, unless restrained, intend to open roads and keep the same open for travel as a public highway in places mentioned in the complaint. Plaintiff demurred to the answer of defendants on the ground that the same did not state facts sufficient to constitute a defense to the complaint. The demurrer was heard and overruled, McClenahan, J., with leave to plaintiff to reply. After service of a reply, the case was heard before McClenahan, J., who made findings and ordered judgment in favor of plaintiff. From an order denying defendants' motion for a new trial, if plaintiff refund the sum of $10 paid him by the town board, defendants appealed. Affirmed.

*Oscar T. Stenvick,* for appellant.

*Thomas Keefe* and *G. A. E. Finlayson,* for respondent.

HALLAM, J.

This action was brought against the defendant town and its road overseer to enjoin them from trespassing upon plaintiff's land. Plaintiff prevailed. Defendants admit their intention to enter plaintiff's land but they contend that they have a right to do so for the purpose of establishing public highways because of two road orders passed by the town in 1909. The question is as to the validity of these orders.

As to one of these roads the trial court found that the description in the road order and in the petition upon which it is based is "impossible of location upon the surface of the earth, that the description is contradictory, that the said road as described would not be continuous, and that no survey of said road has been or ever could be made, on account of the uncertainty of description and lack of data." The evidence amply sustains this finding. It is clear that these proceedings are void, and that they gave no justification for defendants to enter plaintiff's land.

Defendants contend that plaintiff lost his right to object to the sufficiency of the road order by his failure to appeal therefrom. Revised Laws 1905, § 1199, under which these proceedings were taken, provided:

"Every road established by the public authorities, where no appeal

has been taken within the time. limited therefor, is hereby declared a public road * * * , and all persons who have neglected to appeal shall be forever debarred from any further redress."

The failure of plaintiff to appeal could not give local habitation upon plaintiff's land to a road, the description of which is such that it is "impossible of location." The fact that no appeal was taken does not make valid what is on its face void. Sonnek v. Town of Minnesota Lake, 50 Minn. 558, 52 N. W. 961.

2. Plaintiff received $10 as damages for the laying out of this road. It is urged that this estops him from denying the existence of the road. The fact that he received this money is proven only by the admission in plaintiff's reply, and his admission is qualified by the assertion that he received the money upon being informed and in the belief that a road had been legally laid out in a definite location. Plaintiff is not estopped from asserting that the description of the road is impossible and void. The court made the return of this money a condition to its order denying defendants a new trial. This part of the order is in favor of defendants and they are in no position to complain.

3. In case of the other road the court found that the course of the road as described in the order varied from the course as described in the petition upon which it is based, that the south terminus as described in the order is "some thirty rods" west of the south terminus as described in the petition, and that no public highway was accordingly established. The findings are sustained by the evidence. The variance between the petition and the road order was fatal. "The order laying out the road must conform with substantial accuracy to the description contained in the petition." Elliott, Roads & Streets, § 380. The board in acting on the petition may exercise a reasonable discretion in varying the route proposed in the petition, as public interest may require, but they must adhere substantially to the point of beginning, the general course, and the termination. State v. Thompson, 46 Minn. 302, 48 N. W. 1111; Johnson v. Town of Chisago Lake, 122 Minn. 134, 141 N. W. 1115. What is said above as to the effect of failure to appeal from the order of the town board is equally applicable here.

Order affirmed.