### FRANK PODGORSKI v. M. F. KERWIN.[1]

October 29, 1920.

No. 21,874.

**New trial on sole question of damages conditioned on consent to reduced verdict.**

In an action for personal injuries there was a verdict for the plaintiff. The court made an order denying a motion for a new trial upon the ground, among others, of insufficiency of evidence and of excessive damages, and the order was affirmed on appeal. On the going down of the remittitur the defendant moved for a new trial upon the ground of newly discovered evidence, supported by affidavits, which went wholly to the question of damages and which tended to show that the plaintiff had made a better recovery than was anticipated at the trial and that the verdict was excessive. Held, that it was proper to make the order for a new trial conditional upon the plaintiff consenting to a reduction of the verdict, and the plaintiff so consenting the defendant cannot complain of the practice adopted. The order did not deprive him of a jury trial.

Action in the district court for Ramsey county to recover for personal injuries. Verdict for $7,000. From an order Haupt, J., granting defendant's motion for a new trial unless plaintiff consented to a reduc-

[1]Reported in 179 N. W. 679.

tion of the verdict to $5,000, defendant appealed. Affirmed.

*Dille, Hoke, Krause & Faegre, R. F. Merriam* and *John S. Crooks,* for appellant.

*Samuel A. Anderson,* for respondent.

PER CURIAM.

This is an action for personal injuries. There was a verdict for the plaintiff. A motion for a new trial upon the grounds of insufficiency of evidence and of excessive damages, as well as upon other grounds, was denied. The order denying the motion was affirmed on appeal.[1] On the going down of the remittitur the defendant made a motion for a new trial upon the ground of newly discovered evidence. The proposed new evidence bore upon the amount of damages only, and, if it was of the character suggested in the supporting affidavits, tended to show that there had been a better recovery than was anticipated and that the damages were excessive. These affidavits were opposed by counter affidavits. The record was such that the trial court might have granted or refused a new trial. Deeming the damages excessive, in view of the new evidence promised, it granted a new trial, unless the plaintiff consented to a reduction of the verdict from $7,000 to $5,000. The plaintiff consented. The defendant appeals from the order.

The question is whether it was error against the defendant to permit the plaintiff to avoid a new trial by a reduction of the verdict. The condition in such an order does not harm the plaintiff, for he need not consent to a reduction.

The law is thoroughly established in this state, in harmony with authority elsewhere, that the trial court or this court may grant a new trial for excessive or inadequate damages and make it conditional upon the party against whom the motion is directed consenting to a reduction or an increase of the verdict. Dunnell, Minn. Dig. and 1916 Supp. §§ 7138, 7141. In such a case the court does not trench upon the province of the jury nor deny the party seeking to retain the verdict the right to the finding of a jury. It merely corrects error. The practice adopted works well, tends to the speedy termination of litigation and results in sub-

[1][144 Minn. 313]

stantial justice. This court encourages the practice and has grown in liberality within the last few years. In Bremer v. Minneapolis, St. P. & S. S. M. Ry. Co. 96 Minn. 469, 105 N. W. 494, an excessive verdict, influenced by improper remarks of counsel, was conditionally reduced, but in Floody v. Great Northern Ry. Co. 102 Minn. 81, 112 N. W. 875, 1081, 13 L.R.A.(N.S.) 1196, the court said that the misconduct of a jury in visiting the locus in quo during the trial could not be cured by a reduction. In Ewing v. Stickney, 107 Minn. 217, 119 N. W. 802, language is used justifying the inference that newly discovered evidence presented as a ground for a new trial may result in a conditional reduction. It was directly so held in Darnell v. Krouse, 134 Fed. 509, and Tyler v. North American T. & T. Co. 24 Wash. 252, 64 Pac. 162, is persuasive authority.

The practical advantages resulting from a reduction outweigh technical objections, and we hold that when a motion for a new trial, based on newly discovered evidence, is directed to the excessiveness of the verdict, a new trial may be granted conditional upon a consent to a reduction.

Order affirmed.

DIBELL, J. (dissenting).

A defendant responsible in damages in a law case is entitled to an assessment by a jury. If the evidence which the jury had before it does not sustain so great an award as was made the trial court may conditionally reduce it, and the defendant cannot complain. In such a case the court determines the law upon the record before the jury. It does not trench upon the province of the jury nor deny the defendant the right to a jury trial. This is not such a case. The jury has not heard the promised new evidence, nor even the affidavits relative to it. The court has not heard it. All that it knows is what the supporting affidavits of the defendant and the counter affidavits of the plaintiff show. From them, if at all, it must determine what evidence will be before the court on a new trial. The affidavits do not agree, and they reflect the new evidence accordingly as they are in fact true or false or are believed or disbelieved by the court. The situation is not much different than if on a motion for a new trial on the ground of excessiveness supporting affi-

davits were permitted showing a more speedy recovery than the evidence at the trial forecast. The result, as it seems to me, is that the defendant is required to submit to a reduction of a verdict because excessive, when the facts showing excessiveness are not before a jury, nor shown in the record viewed by the trial court and this court in holding it excessive, and that the defendant is thus deprived of the right to a jury trial of damages. So I dissent.


HALLAM, J. (dissenting)
I agree with Justice Dibell.