Jones, J.
 

 Plaintiff in error first attempted to invoke the appellate jurisdiction of this court by filing his motion to certify the record under the provisions of Section 2, Article IV, of the Ohio Constitution. This court overruled the motion to certify, but on the same day he filed his petition in error as a matter of right, claiming that he had a case “involving questions arising under the Constitution of the United States or of this state.”
 

 In order to understand the basis of plaintiff in error’s claim, a brief history may be necessary. Plaintiff below, a minor, had filed his petition asking for damages for personal injuries sustained by reason of the negligence of the defendant, and claimed permanent injuries. He also alleged that because of the injuries he had lost a salary amounting to the sum of $12 per week. The defendant in his answer admitted that he was guilty of negligence, which was the proximate cause of the injury. This left for the consideration of the jury only the question of damages, and the court so charged. The charge of the court upon that feature is brief, succinct, and fully covered the case. After charging the jury that the measure of damages was such as would compensate plaintiff for the injuries re
 
 *563
 
 ceived, he employed this language, which the Court of Appeals found to be erroneous:
 

 “The measure of his damages is compensation for the injuries received as shown by the evidence, and in determining this amount, if any, you will take into consideration the nature and extent of his injuries, the effect of these injuries upon his ability to work and earn a living.”
 

 In its journal entry the Court of Appeals thought the verdict excessive, because it included compensation “for the effect of plaintiff’s injuries on his ability to work and earn a living,” and that the court’s charge above quoted was erroneous. Finding the verdict and judgment excessive, it ordered a new trial unless the plaintiff consented to a remittitur of $2,000, and, if he did consent thereto, that the judgment, as thus reduced, should be affirmed.
 

 It is apparent that the reviewing court thought that, since no evidence had been tendered showing loss of earnings, or that the minor was so emancipated as to give him the right thereto, error crept into the above-quoted charge. But the charge did not attempt to give the minor compensation for the loss of earnings, but, as disclosed in the record, the court charged the jury only that they should take into consideration the nature and extent of plaintiff’s injuries, and their effect upon his ability to work and earn a living. The charge stated the law covering the question of damages which plaintiff was entitled to receive, and was not erroneous in that respect. However, the Court of Appeals ordered a remittitur in the amount of $2,000, because it found the verdict and judgment to be ex
 
 *564
 
 cessive. Here appears a conflict between tbe judgment of the reviewing court and that of tbe jury as to tbe amount of damages which tbe plaintiff sustained.
 

 The power of the trial and appellate courts to order remittiturs in cases of tbis character as a condition for affirmance and for refusing a new trial, has been fully sustained by tbis court for a long period of time. That rule of practice was fully sanctioned in
 
 Pendleton St. Rd. Co.
 
 v.
 
 Rahmann,
 
 22 Ohio St., 446. That case has been approved by tbis court, not only in a large number of cases presented on motion to certify, but also by tbe following cases, where tbe rule has been sanctioned:
 
 Ohio Traction Co.
 
 v.
 
 Shearer,
 
 97 Ohio St., 332, 120 N. E., 878;
 
 Capital City Dairy Co.
 
 v.
 
 Amicon,
 
 99 Ohio St., 443, 126 N. E., 925;
 
 Toledo & Columbus & Ohio River Rd. Co.
 
 v.
 
 Miller,
 
 103 Ohio St., 17, 132 N. E., 156;
 
 Schendel
 
 v.
 
 Bradford, Admr.,
 
 106 Ohio St., 387, 140 N. E., 155;
 
 Silverglade
 
 v.
 
 Von Rohr,
 
 107 Ohio St., 75, 140 N. E., 669.
 

 It would seem that tbe decision of these cases sustains tbe implication that tbe courts bad the constitutional power to enter a consent remittitur, although tbe constitutional question was not decided by tbis court in those cases. However, in
 
 the
 
 unreported case of
 
 Ohio Traction Co.
 
 v.
 
 Shearer, supra,
 
 tbe exact question here under consideration Avas presented to tbis court by counsel for plaintiff in error as shown by their brief. There counsel sought a reversal because tbe trial court, having found tbe verdict excessive, bad no right to fix a new sum as tbe amount of tbe verdict and to enter a judgment for tbe amount so fixed, and
 
 *565
 
 claimed “that in doing so the trial court usurped the function of a jury, and thus deprived the traction company of a jury trial, guaranteed by Article I, Section 5, of the Constitution of Ohio.” Counsel there urged that the trial court usurped the prerogatives of the jury, and that the defendant below had been deprived of his constitutional right to a jury trial on the question of damages. This court, however, affirmed the judgment reduced by the remittitur. Not only do the decided cases authorize the procedure employed, but we find it sanctioned by the provision of Section 6, Article IV, of our Constitution, which gives the Court of Appeals jurisdiction, not only to review, affirm, and-reverse, but to
 
 “modify,”
 
 the judgments of the courts of common pleas.
 

 We therefore approach the threshold of the question: Did the procedure followed by the reviewing court deny the plaintiff in error either his right to due process under the federal Constitution or his right to a trial by jury under Section 5, Article I, of the Ohio Constitution? Or, as affecting' the filing of his petition in error as a matter of right, does the case presented involve a constitutional question within the purview of Section 2, Article IV, of the state Constitution?
 

 If this court finds that it has no appellate jurisdiction of this cause, because a constitutional question is not involved, or that the record discloses that its disposition does not require the consideration of a constitutional question, it is the duty of the court to dismiss the cause for want of jurisdiction.
 
 Hess, Receiver,
 
 v.
 
 Beard,
 
 93 Ohio St., 478, 113 N. E., 1070;
 
 Hirsch
 
 v.
 
 City of Cincinnati,
 
 93
 
 *566
 
 Ohio St., 479, 113 N. E., 1070;
 
 Moody & Thomas Milling Co.
 
 v.
 
 City of Akron,
 
 93 Ohio St., 484, 113 N. E., 835;
 
 Boettler
 
 v.
 
 City of Akron,
 
 93 Ohio St., 490, 113 N. E., 1069.
 

 In the United States courts the federal practice of reducing verdicts by requiring consent remittiturs has been fully sustained. Some of these cases have already been noted in the Ohio case of
 
 Schendel
 
 v.
 
 Bradford, supra.
 
 The courts generally hold that such procedure does not contravene either the due process clause or the constitutional right of trial by jury.
 
 Arkansas Valley Land & Cattle Co.
 
 v.
 
 Mann,
 
 130 U. S., 69, 9 S. Ct., 458, 32 L. Ed., 854;
 
 Gila Valley, Globe & Northern Ry. Co.
 
 v.
 
 Hall,
 
 232 U. S., 94, 34 S. Ct., 229, 58 L. Ed., 521.
 

 In the state courts it has been held that the procedure under review does not violate the defendant’s right to trial by jury. It was so held in
 
 Texas & New Orleans R. R. Co.
 
 v.
 
 Syfan,
 
 91 Tex., 562, 44 S. W., 1064, where the constitutional provision is the same as our own. Nor, so far as the constitutional feature applies, does it matter whether the power to remit is inherently lodged in the court or is conferred by statute. That the constitutional guaranty of a right to trial by jury has not been violated by the requirement by the courts of consent remittiturs is well established by judicial authority. Among a few of the cases sustaining the practice are
 
 Central of Georgia Ry. Co.
 
 v.
 
 Steverson,
 
 3 Ala. App., 313, 319, 57 So., 494;
 
 Florida East Coast Ry. Co.
 
 v.
 
 Hayes, Adm’r., 67
 
 Fla., 101, 64 So., 504, 7 A. L. R., 1310;
 
 Atlantic Coast Line Bd. Co.
 
 v.
 
 Pipkin,
 
 64 Fla., 24, 59 So., 564;
 
 Chitty
 
 v.
 
 St. Louis Iron Mountain & So. Ry.
 
 
 *567
 

 Co.,
 
 148 Mo., 64, 49 S. W., 868;
 
 Podgorski
 
 v.
 
 Kerwin;
 
 147 Minn., 103, 179 N. W., 679.
 

 In
 
 Keller
 
 v.
 
 Stark Electric Ry. Co.,
 
 102 Ohio St., 114, 130 N. E., 508, this court held that the sustention of a motion of the defendant for the direction of a verdict in its favor did not violate the constitutional guaranty under consideration, nor involve a question arising under the state and federal Constitutions. If so drastic an act as the direction of a verdict by the trial court did not violate the constitutional guaranty,' it is difficult to perceive how a judgment of a court upon evidence affecting damages would in any wise violate the constitutional provisions. As stated by the judge delivering the opinion in the
 
 Keller case,
 
 page 117 (130 N. E., 509), the question which a reviewing court is called on to answer is, whether the trial court gave “to the evidence the extent and effect it was entitled under the law to receive.” And he adds that “the interpretation of evidence and the inferences to be drawn from evidence, the effect of evidence and inferences,” cannot be construed so as to involve the application of any constitutional provision.
 

 We therefore hold that the action of a court, either trial or appellate, in finding damages excessive and affirming a judgment after a remittitur has been consented to by the plaintiff, does not violate any provision of our federal or state Constitutions; nor does such a procedure involve any constitutional question arising under the state or federal Constitutions. It follows that this court has no appellate jurisdiction of the petition in
 
 *568
 
 error which was filed as of claimed right. The cause will be dismissed for want of jurisdiction.
 

 Dismissed for want of jurisdiction.
 

 Marshall, C. J., Day, Allen, Kinkade and Robinson, JJ., concur.