STATE, BY G. A. YOUNGQUIST, ATTORNEY GENERAL, v.
WILLIAM H. WATROUS AND OTHERS.[1]

March 22, 1929.

No. 27,169.

*G. A. Youngquist,* Attorney General, *John F. Bonner,* Assistant
Attorney General, and Hayner N. Larson, for the state.
*J. J. Hadler* and *Frank Palmer,* for respondent.

[1]Reported in 224 N. W. 257.

DIBELL, J.

The defendant J. J. Hadler appealed to the district court from an award of $385 by the commissioners in condemnation for the taking of land for state trunk highway No. 11 in Koochiching county. In the district court there was a verdict for Hadler in the sum of $1,400. The state appeals from the order denying its motion for a new trial.

■ The defendant owned 35 acres in the southerly part of International Falls. The land on all sides of it was platted. The highway ran in a curved course through the land and took 2.6 acres. The evidence indicates that the property likely will be platted. The curved course of the highway will necessarily result in the waste of land in platting.

The evidence as to the value of the land differed greatly. The evidence of some of the experts indicated a damage greatly in excess of that awarded, and the evidence of others indicated that the award was grossly excessive. The question was one of fact, and we cannot say that the verdict is not sustained. The principle stated in O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430, and the many like cases preceding it, relative to the effect of uncontradicted testimony, is without application.

■ One ground of the motion for a new trial was newly discovered evidence.

There was evidence at the trial that the highway would give valuable drainage to the 35 acres. This was the claim of the state, denied by the defendant. It was submitted to the jury. The state claims that the construction of the road subsequent to the trial has established the correctness of its claim, and it proposes to prove such fact if a new trial is given.

We have held that a motion for a new trial upon the ground of newly discovered evidence may be supported by facts arising after the trial. In re Guardianship of Wood, 140 Minn. 130, 167 N. W. 358; Podgorski v. Kerwin, 147 Minn. 103, 179 N. W. 679. The authorities are not in accord. See 20 R. C. L. p. 299, § 80; Am. Dig. New Trial, § 100.

A new trial upon the ground of newly discovered evidence is granted cautiously. There was no error in denying the state's motion. In the Podgorski case, 147 Minn. 103, 179 N. W. 679, a new trial was granted in a personal injury suit, conditional upon the consent to a reduction of the verdict, because of a better recovery of the plaintiff than was anticipated. There was no error in denying the state's motion. It would be difficult to sustain it if it had been granted.

What effect the jury gave to drainage in making up its verdict cannot be known. The granting of a new trial, if followed as a precedent, would result in further litigation of issues which should be deemed settled by the verdict. And in every case, where the evidence was by way of prediction or prophecy of the damages which would result and either party was dissatisfied, there could be a demand for a new trial. In any but a very extraordinary case the evidence at the trial must end the controversy.

Order affirmed.

HILTON, J. took no part.