FRED A. BRUNS v. TOWN OF NICOLLET.[1]

May 27, 1932.

No. 28,956.

[1]Reported in 243 N. W. 74.

*Albert D. Flor,* for appellant.
*Streissguth & Fordyce,* for respondent.

HILTON, J.

Upon a proceeding properly instituted by petition the town board of the town of Nicollet (appellant) after a hearing, made an order laying out a cartway through the lands of respondent and his

father (Fred Bruns). Of the lands involved the father owned 160 acres and respondent a contiguous tract of 30 acres. The town awarded the father $400, the son $25 as damages. A separate appeal was taken by each of the Bruns to the district court. The order of the town board was therein affirmed and an appeal taken to this court. The only question involved on that appeal was as to the legality of the order so made. It was held to be legal. Bruns v. Town of Nicollet, 181 Minn. 192, 231 N. W. 924.

By agreement the question of damages had been left for a later determination in the district court. Before trial on that issue the father died, and this respondent as his sole devisee became the owner of the 160 acres formerly owned by the father. At the trial to a jury it was stipulated that the two cases should be consolidated and one verdict rendered in the consolidated case and that the son be substituted as an appellant instead of his deceased father. Thereupon and throughout the trial the case proceeded pursuant to that stipulation upon the theory, adopted by the court and acquiesced in by all parties, that the entire 190 acres should be considered as one farm and a verdict rendered as to the damages thereto. We have before us, as did the court and the jury, plats of the premises, which with the evidence given permits a clear understanding of the situation. On this appeal the case will be considered in accordance with the theory on which it was tried in the court below. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 401, and cases cited.

The jury returned a verdict in favor of respondent in the sum of $1,900. On motion the court made an order vacating and setting aside the verdict and granting a new trial unless within ten days from the service of the order respondent should consent to a reduction of the verdict from $1,900 to $1,545. Within that time he properly accepted the reduction. The town attempted an appeal to this court from that order of the district court. The appeal was dismissed because not taken in time. A money judgment was then entered, from which the present appeal was taken. It included $1,545 as damages, together with $95.02 interest thereon from the date of the verdict to the entry of judgment, and costs and disbursements as finally taxed at $79.24, making a total of $1,719.26.

Appellant presents numerous assignments of error, chief of which are that the verdict was not justified by the evidence and was contrary to law; that the verdict was given under the influence of passion and prejudice in allowing excessive damages. Other assignments have to do with rulings of the court on admission and rejection of evidence. Appellant also contends that respondent was not entitled to a money judgment against the town in the ordinary form and that interest should not have been computed and allowed from and after the rendition of the verdict.

◼ Because of the stipulation hereinbefore referred to and the theory of the trial as adopted by the court with the consent of both parties, many of the assignments of error are without avail, particularly those having to do with the rulings relative to proffered evidence. The contention of appellant that the verdict should have been based upon the conditions maintaining at the time the town board made its award (when there was a dual ownership of the land) instead of those existing at the time of the trial, is untenable. Johnson v. Town of Chisago Lake, 122 Minn. 134, 141 N. W. 1115.

Appellant's claim that no interest should be allowed on the verdict is not well taken. On the record respondent was entitled to interest from the time of the rendition of the verdict up to the date of the entry of the judgment. The items for costs and disbursements were properly taxed.

The only questions remaining for our consideration are (1) whether the verdict was rendered under the influence of passion and prejudice; (2) whether it was excessive even as reduced; and (3) whether the form of the judgment was the proper one.

◼ The amount of land actually to be taken for the cartway was 1.25 acres. Such acreage, the undisputed evidence shows, was worth $175. The estimated cost of the cattle pass under the cartway was about $478 and that of the fencing was at least $250. The necessity thereof was left to the jury under proper instructions. Under the court's charge these two items were not considered as special damages but taken into account as elements of damages in so far as affecting the market value of the farm. This was proper. State, by Youngquist, v. Wheeler, 179 Minn. 557, 562, 230 N. W. 91.

The testimony as to the value of the farm prior to the establishment of the cartway ranged from $80 to $150 an acre. One witness for respondent placed damage to the farm as a whole at $10 an acre, another at $12, and another at $15, being respectively a total damage of $1,900, $2,280, and $2,850. Still another placed the damage at $3,000. Each of several witnesses called for appellant placed such damage at exactly the same figure, $300, and one at $200 and another placed the damage at $500, evidently not considering the pass necessary and not making any allowance therefor. On this conflict of evidence the question of damages was one of fact for the jury. The verdict has substantial support in the evidence. We cannot say that the original verdict was excessive, and certainly it was not as reduced by the trial court. There is nothing indicating that the jury was influenced by passion or prejudice. There is no occasion for any interference therewith by us. State, by Youngquist, v. Watrous, 177 Minn. 25, 224 N. W. 257; State, by Hilton, v. Lambert, 171 Minn. 369, 214 N. W. 653; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7136.

■ Relying upon a statement in State ex rel. Fuchs v. Haines, 58 Minn. 96, 98, 59 N. W. 976, 977, wherein it is said, "we think it plain that the amount awarded as damages to the landowner should not be made a part of the judgment," appellant argues that the judgment here appealed from was erroneous and not in the proper form. That case was decided in 1894 under G. S. 1878, c. 13, § 61, in which the appeal from the order of the town board was to a justice of the peace, whose duty it was to "file the *return of the jury* in the office of the town clerk." There has been a complete revision of the road laws since that time, and none of such provisions of the 1878 statutes are found in the present road laws. The present applicable law, G. S. 1923 (1 Mason, 1927) § 2588(4), provides:

"*Upon final judgment* being rendered, the clerk shall file a certified transcript thereof, * * * with the clerk of each town affected by such determination, if the appeal was from the action of a town board. * * * *if such damages be increased,* * * *, such costs and disbursements shall be paid by the town * * *; the

same to be fixed and allowed as in other cases, and judgment entered therefor in like manner." [Italics ours.]

Subd. 5 of the same section provides:

"Before any town road is opened or used an amount of town orders equal to the damages assessed for each individual shall be duly issued and deposited with the town clerk for the use and benefit of said individual, and delivered to him on demand. The issuing and depositing of said orders shall be deemed to be sufficient security for the payment of said damages."

This latter provision was referred to in State ex rel. McFarland v. Erskine, 165 Minn. 303, 206 N. W. 447.

Upon it appearing that the town board would object to the form of the judgment, after this appeal was taken, the point not having been raised in the lower court, respondent offered to permit the judgment to be amended so as to provide that such damages, interest, and costs be paid by the town of Nicollet "in the manner provided by law." And that upon payment of said sum of $1,719.26 to respondent the town of Nicollet should have the right to take and hold possession of the tracts of land described in the petition for the purpose of laying out, constructing, improving, and maintaining thereon a public cartway. Appellant did not consent to such modification. We hold that the form of the judgment was proper. It can of course only be enforced "in the manner provided by law."

We have carefully considered all of the assignments of error, including those not specifically referred to. We hold that the judgment should be and the same is affirmed.

Judgment affirmed.