Turner, J.
 

 Appellant asks this court either to reverse the case or reduce the amount of the judgment on the ground of excessiveness.
 

 W ith this alternative relief asked we take up first the question whether a remittitur is justified.
 

 In Section 2 of Article IV of the Constitution this court is given the power to modify a judgment of the Court of Appeals.
 

 In the case of
 
 Alter
 
 v.
 
 Shearwood, a Minor,
 
 114 Ohio St., 560, 151 N. E., 667, it was held in paragraphs two and three of the syllabus:
 

 “2. A reviewing court, upon finding a verdict and judgment excessive, may, the plaintiff consenting to remit a part of the judgment, affirm the judgment for the balance.
 
 (Pendleton St. Rd. Co.
 
 v.
 
 Rahmann,
 
 22 Ohio St., 446,
 
 Schendel
 
 v.
 
 Bradford,
 
 106 Ohio St., 387, 140 N. E., 155, and
 
 Silverglade
 
 v.
 
 Von Rohr, 107
 
 Ohio St., 75, 140 N. E., 669, approved and followed.)
 

 “3. The action of the appellate court, requiring such consent remittitur as a condition for affirmance and of refusing a new trial, neither violates due process nor the provisions of Section 5, Article I, of the Ohio Constitution, authorizing the right of trial by jury. ’ ’
 

 
 *389
 
 We approve the foregoing paragraphs of the
 
 Alter
 
 v.
 
 Shearwood
 
 syllabus and add that neither is Amendment VII to the Federal Constitution violated thereby.
 

 We approve also the procedure followed by this court in the case of
 
 Hutton
 
 v.
 
 Curry,
 
 93 Ohio St., 339, 344, 112 N. E., 1019, where it was held:
 

 “For error of the court in refusing to give request number six, this judgment must be reversed, unless the defendant in error shall, within thirty days from this date, enter a remittitur of that amount, with interest, and in that event the judgment, less $700 and interest, will be affirmed; otherwise the entire judgment of the Superior Court and that of the Court of Appeals affirming the same will be reversed and cause remanded for a new trial.”
 

 It is the judgment of this court that the verdict of the jury is excessive and should be reduced in the amount of $75,000 for the reason:
 

 The jury was in all probability misled by the admission over objection of the evidence of cost of refund annuities, which does not properly reflect the damages to be calculated under Title 45, Section 51
 
 et seq.,
 
 U. S. Code. While the jury was not charged in the general charge that the cost of such refund annuities was to be considered as a measure of the loss of earning power or the present value thereof, yet the court did, over defendant’s objection, admit such testimony and both of the counsel for plaintiff did argue that the cost of such annuity should be taken as the basis for computing the present worth of plaintiff’s future earnings.
 

 Counsel for plaintiff (appellee here) in argument called attention of the jury to the testimony that such a refund annuity paying plaintiff $325 per month for the rest of plaintiff’s life would cost $131,554.80, while such an annuity paying plaintiff $350 per month for life would cost $141,674.46.
 

 
 *390
 
 The evidence of plaintiff’s witness (appellee’s witness) described a refund annuity as follows:
 

 “If the annuitant dies before the entire amount of the principal plus the interest has been paid out in the form of monthly income, then the unused part of the purchase price is refunded to his or her beneficiary,, either in cash or in installments as long as it will last. That is what is known as a refund annuity. ’ ’
 

 As to impairment of earnings, plaintiff (appellee)' was entitled to recover only for his probable loss of earnings during his probable lifetime.
 

 Now, assuming that we take the highest figure given by either of the five tables (present worth and mortality) introduced in evidence, the present value, of the1 loss of earnings for a man twenty-three years and eight months of age, on annual earnings of $2,841 (the highest present and reasonably certain future-earnings properly deducible from the evidence) discounted at four per cent would amount to $57,617, while-the lowest cost shown by such five tables is $41,195.
 

 Reducing this judgment to $150,000 would leave-$92,383 for claimed damages other than loss of earnings. An amount beyond this we consider excessive.
 

 Therefore, if the plaintiff (appellee) shall consent to-a remittitur of $75,000, the judgment of the Court of Appeals less $75,000 will be affirmed.
 

 If the plaintiff (appellee) does not, within ten. days-from the date hereof, file with the clerk of this court his consent to a remittitur of $75,000, then the case will be held by this court to be considered on the other assigned errors.
 

 Judgment modified and affirmed if remittitur consented to by appellee.
 

 Weygandt, C. J., Hart, Zimmerman, Sohngen and Stewart, J J., concur.